For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.

---

[ Sac. No. 148.　Department One.—September 16, 1896.]

JOHN ERTLE, RESPONDENT, v. D. M. LEARY ET AL., APPELLANTS.

COUNTIES—POWER OF SUPERVISORS—ERECTION OF JAIL—PLANS AND SPECIFICATIONS—BASIS FOR BID—INJUNCTION BY TAXPAYER.—The supervisors of a county have authority under section 25 of the County Government Act to erect a jail, under a contract let to the lowest responsible bidder, provided plans and specifications therefor have been first adopted by the board prior to the sixty days' notice of the bidding, upon which the bids are to be based; but they have no authority to let a contract upon plans and specifications to be drafted and submitted by the bidders, thereby preventing competition in bidding, and giving the board an opportunity for favoritism; and the carrying out of a contract so let may be enjoined at suit of a taxpayer.

APPEAL from a judgment of the Superior Court of Placer County. W. H. GRANT, Judge.

The facts are stated in the opinion of the court.

*F. P. Tuttle*, for Appellants Van Dorn and Leary.

*John M. Fulweiler*, and *Ben P. Tabor*, for Respondent.

THE COURT.—The demurrer of defendants to the complaint in this action having been overruled, they declined to answer, and plaintiff obtained judgment enjoining defendants—who are the county of Placer, the persons composing the board of supervisors of said county, and D. M. Leary, and J. H. Van Dorn—from proceeding under a certain contract of date November 28, 1894, whereby said Van Dorn undertook to construct parts of a new jail for the use of the county; the judgment also declared the contract to be void. Leary, it seems, represented Van Dorn in the negotiation and execution of the contract; he and his said principal appeal, and contend that the complaint stated no cause of action. It is to be gathered from that pleading that, about February 21, 1894, the board of supervisors adopted plans and specifications for the erection of a county courthouse and jail, which jail was to contain cells in number and dimension as there designated, and, in accordance therewith, the first story of the courthouse, and the outer walls of the jail, were duly constructed by contract with one McCann. In August following, the board advertised for bids for the construction of twelve jail cells and required bidders to furnish complete specifications; six bids were received, each upon plans and specifications submitted by the bidder, and not upon any previously adopted by the board. The bid presented by Leary, with accompanying plans and specifications, was accepted by unanimous vote of the supervisors, and a contract founded thereon was made with Van Dorn, by which the latter agreed to construct and deliver to the county "the jail of the size and dimensions set forth in the plans, specifications, and detail drawings adopted by said board," and made part of the contract, and the county agreed to pay him therefor the sum of ten thou-

sand seven hundred and fifty dollars; the work con-
tracted for included steel cells, with floors, doors, pris-
oners' corridors, locking devices and certain plumbing.
If said work is done the moneys of Placer county will
be paid therefor, the cost of the county government
will be increased, and the property of plaintiff, a resi-
dent taxpayer of the county, will, he says, be unjustly
taxed.

Boards of supervisors in their respective counties have
jurisdiction and power to cause to be erected and furn-
ished, by contract let to the lowest responsible bidder, a
courthouse, jail, and other public buildings; "*provided*,
that none of the aforesaid buildings shall be erected or
constructed until the plans and specifications shall have
been made therefor and adopted by the board." (County
Government Act of 1893, sec. 25, subd. 9.)

The jail in this case is a new edifice, and we agree
with plaintiff that the cells are an integral part of the
same—not "furniture" merely, as said by appellants;
in the contract the structures to be completed and de-
livered by Van Dorn are themselves called "the jail";
and they probably are the most essential part of the
prison. They are, therefore, within the statute prohibit-
ing the board from causing the same to be constructed
until plans, etc., have been made and adopted. But
the power given by the act to build the jail carries with
it as an incident the right to determine the plan and
mode, restricted only by such limitations as some statute
imposes. (1 Dillon on Municipal Corporations, sec. 140;
*Peterson* v. *Mayor etc. of New York*, 17 N. Y. 449.) The
provision of the statute above quoted requires that plans
and specifications shall be adopted before the building
is erected or constructed. Giving to this provision a
literal construction would cause it to mean merely that
the board should not construct a building until it had
determined the mode and plan in which it should be
constructed; but the requirement that, before its con-
struction, the board shall first adopt certain plans and
specifications, taken in connection with the provision

immediately following in the same section that, "All such buildings must be erected by contract let to the lowest responsible bidder, after notice by publication in a newspaper of general circulation, published in such county, for at least sixty days," shows that the legislature has clearly restricted the board from entering into a contract for the construction of a building, until after an opportunity has been given to bidders to bid for its construction, according to plans and specifications which the board may have adopted, at least sixty days before awarding the contract. In the present case it appears from the complaint that, in its invitation for bids, the board authorized bidders to furnish the specifications in accordance with which they would construct the jail; and that they were not required to bid for its construction according to the plans and specifications that had been adopted by the board in the previous February. Under this call six bids were received by the board, and, in the language of the complaint, "Each of said bids was and were upon plans and specifications drafted and submitted by each individual bidder, and none of said bids were made under or according to the plans and specifications theretofore adopted by said board of supervisors for the construction of said jail, cells, or interior part of said jail." One of these bids was by Van Dorn, and the contract was awarded to him. Thereafter certain changes were made in the plans presented by him, increasing the contract price, and the contract was entered into with him for the construction of the jail.

It is only necessary to compare this transaction with the requirements of the statute to perceive the invalidity of the contract. To permit each bidder to propose the plans and specifications according to which he will construct the building, not only prevents competition in bidding for the work, but gives to the board an opportunity for the exercise of favoritism in awarding the contract, instead of being required to let it to the lowest responsible bidder; for, since neither of the bidders can know of the plans and specifications under

which others are making their bids, there is no standard by which the board can determine which is the lowest bidder. Whether these plans and specifications increased the cost of the building above those previously adopted by the board, or not, is immaterial. There was no opportunity for competition in bidding to do the work according to the plans, and the board by its own act prevented itself from complying with the requirements of the statute, to let the contract to the lowest responsible bidder.

The judgment is affirmed.