419 P.2d 683

Melvin PARKS, Individually, Ray Parks, Melvin Parks and Clyde Parks, doing business under the trade name and style of Parks & Sons, Plaintiffs-Appellants,

v.

The CITY OF POCATELLO, a Municipal Corporation, and Earl Pond, Fred Burton, Dee Bogart, Rampton Barlow, Fred Snyder, Joel Anderson and E. Norman Vaughn, City Commissioners of the City of Pocatello, a Municipal Corporation, Defendants-Respondents.

No. 9843.

Supreme Court of Idaho.

Oct. 28, 1966.

---

R. M. Whittier and L. Kim McDonald, Whittier & McDonald, Pocatello, for appellants.

Gerald W. Olson, Pocatello, for respondents.

SMITH, Justice.

Appellants by this action, seek to enjoin respondents from entering into a five-year garbage disposal contract with Eldon-Harris Corporation and John P. Harris, a joint venture, and to compel respondents to accept appellants' bid and to enter into such a contract with appellants.

The appeal is from a summary judgment in favor of respondents, dismissing the action. The factual background follows.

During June 1965 respondent city advertised for bids on a public contract for hauling and disposing of garbage. The bidding material supplied to all bidders included instructions, specifications, and a copy of the proposed contract.

The specifications obligated the successful bidder: (1) to dispose of all trash and refuse from the city; (2) to produce evidence of sufficient land under control, at a location approved by the city, to accommodate the garbage disposal for the term of the contract; and (3) to maintain landfill operations on the city-owned dumpground in addition to the contractor's landfill area. The term of the proposed con-

tract was five years, with optional renewal for an additional five years.

Appellant Parks & Sons received bidding material from the city. Melvin Parks understood that Pocatello's City Commission desired the contractor's land to be located south of Pocatello, on the opposite side of the city from the existing city-owned dumpground. Melvin Parks' conversations with Dee Bogart and Fred Snyder, two City Commissioners, confirmed this view, but Mr. Parks stated he also obtained information through a telephone conversation with Pocatello's city attorney, that the Commission struck from the final draft of the specifications an express requirement as to the location.

On July 1, 1965, the City Commission with all members present opened three sealed bids which had been submitted. Eldon-Harris Corporation and John P. Harris, a joint venture herein referred to as Eldon-Harris, submitted a bid of $141,432 on an annual basis. Appellants submitted two bids; the first, an unqualified bid called for an annual payment of $148,200; the second, designated as an "alternate proposal and bid," appellants prefaced with this language:

"Should the city decide that one land fill site is sufficient, we submit the following proposal and bid. To secure sufficient land for one land fill and dispose of all garbage, trash and rubbish in the contractor's land fill for the following bid price. All other specifications and requirements to remain the same."

and requested an annual payment of $138,000 under such alternate bid.

The Commission considered the proposals in the presence of appellants and a representative of Eldon-Harris. After a short closed discussion on the merits of the three bids, the Commission reassembled. It was then moved and seconded that the award on the garbage-hauling contract should be let to the Eldon-Harris joint venture.

No further steps were taken until September 16, 1965, when the Commission again convened and unanimously approved a contract with Eldon-Harris. The Commission thereupon directed its chairman to execute the formal contract.

On September 29, 1965, appellants filed their complaint, alleging two causes of action. In the first cause of action, Parks & Sons alleged that the City Commission acted illegally in awarding the contract on a bid higher than the lowest bid; that the Commission failed to investigate Parks & Sons' responsibility, and that Parks & Sons was deprived of its rights in a public contract.

In the second cause of action, Melvin Parks sued in his capacity as a taxpayer, but the trial court dismissed that cause of action on respondents' motion. Melvin Parks failed to appeal from the dismissal; consequently this court need not determine on this appeal the propriety of the trial court's order granting respondents' motion to dismiss.

The contract with Eldon-Harris was to become effective October 1, 1965, but the district court, on September 29th, issued a temporary restraining order against execution of such contract. At a hearing held October 6th on respondents' motion to dissolve the order, and on the order to show cause why an injunction pendente lite should not issue, the court heard the testimony of Melvin Parks, and of William Webb, Pocatello's city manager, and several exhibits were introduced in evidence.

On December 1, 1965, respondents answered and moved for summary judgment on appellants' sole remaining cause of action. In support of its motion, respondents relied upon an affidavit by William Webb and all "pleadings, testimony, exhibits and records" filed in the case. Appellants filed an affidavit of Melvin Parks in opposition to respondents' motion.

After a hearing the trial court granted respondents' motion for summary judgment and dismissed the action. Appellant, Parks & Sons, appeals from the summary judgment

Appellants assign error of the trial court in granting the summary judgment, thereby determining as a matter of law that appellants' bid was not in accordance with the terms of the city's advertised call for bids. Appellants claim that the sufficiency of their bid and an interpretation of the specifications were factual matters which could not be disposed of in a summary judgment proceeding, citing I.R.C.P. 56 (c).

■ The advertisement for bids, where competitive bidding is compulsory, must sufficiently notify prospective bidders of the kind and nature of the contract, and should contain such information as will enable bidders intelligently to submit their competing proposals. Piedmont Paving Co. v. Allmon, 136 Cal. 88, 68 P. 493 (1902); Andrews v. Board of Commissioners, 7 Idaho 453, 63 P. 592 (1900); Ertle v. Leary, 114 Cal. 238, 46 P. 1 (1896); 10 McQuillin, Municipal Corporations 309 (3d Ed. 1950), hereinafter cited as McQuillin. The advertisement which appellants challenge recites in plain, unequivocal language what proposals the City Commission sought. The specifications required that:

"Contractor shall produce evidence of sufficient land area under control to provide dumping of refuse, garbage and rubbish and ashes for the term of this agreement.

"Contractor shall maintain landfill operations on city-owned dump ground in addition to contractors landfill area."

The proposed agreement incorporated in the bidding material further clarified the Commission's requirements:

"The contractor agrees to procure sufficient land to be able to handle the dumping of all municipal garbage * * * at a location approved by the city and without cost to the city; the city and its residents will have free access to same at all times * * *.

"The contractor shall maintain the city-owned dump ground in accordance with the accepted landfill method * * *."

Two distinct requirements emerge from this material: (1) that the contractor control property at a city-approved location; and (2) that the contractor maintain landfill operations on his own, as well as on the city-owned land.

Appellants attempt to prove ambiguity by reference to conversations between appellants and city officials. Commissioners Bogart and Snyder informally advised appellants that the city "definitely desired" two dumpgrounds at opposite ends of the city. That evidence is consistent with the advertisement, not contradictory, since the advertisement places no restriction on the locus of the contractor's land. Moreover, appellants learned from their conversation with Pocatello's city attorney that the Commission had purposefully omitted from the advertisement any reference to the contractor's landfill situs. The advertisement thus allowed a bidder to base his bid upon either adjacent or crosstown landfill operations.

■■ We hold that the trial court correctly determined as a matter of law that the Commission's advertisement for bids sufficiently advised prospective bidders of the nature of the contract, so as to guarantee informed and competitive bidding.

Appellants next argue that the sufficiency of their bid in complying with the terms of the advertisement was a factual question which the trial court improperly adjudicated by summary judgment.

In construing a bid, the court will refer to the settled rules relating to the interpretation of written instruments generally. Turner v. City of Fremont, 159 F. 221 (C.C.D.Neb.1908), aff'd 170 F. 259 (8th Cir. 1909); 10 McQuillin 333; 4 Williston, Contracts § 600 (3d Ed. 1961).

■ Where a contract is clear and unambiguous a determination of its meaning and its legal effect are questions of law for

determination by the court. Minidoka County for Use and Benefit of Detweiler v. Krieger, 88 Idaho 395, 399 P.2d 962 (1965); National Produce Distributors v. Miles & Meyer, Inc., 75 Idaho 460, 274 P.2d 831 (1954).

Appellants' "alternate proposal and bid" depended upon an express condition:

"Should the city decide that *one landfill site is sufficient, we submit the following* proposal and bid. To secure sufficient land *for one landfill* and dispose of all garbage \* \* \* *in the contractor's landfill* for the following bid price. All other specifications to remain the same." (Emphasis supplied.)

By the clear and unequivocal terms of the proposal, appellants offered to operate only one landfill site, i. e., "the contractor's landfill," although the advertisement for bids specifically required that two sites, the contractor's and the city's, be maintained by the successful bidder.

The trial court's interpretation of the alternate bid is also supported by Melvin Parks' admission that his unconditional, higher bid was submitted on the basis of "filling all of the specifications of the contract with one \* \* \* landfill site south of town," whereas, under the alternate proposal, Parks & Sons would not have maintained both the bidder's landfill and the existing city-owned dump site as required by the bid specifications.

█ The trial court correctly ruled as a matter of law that appellants' alternate proposal failed to conform to the city's advertised specifications.

█ In order that unrestricted competition may be had, it is necessary that some standard be adopted for the guidance of all bidders; therefore, where the plans and specifications are left to the discretion of the individual bidder, submitted with his bid, the effect is to stifle competition, and letting a contract under such circumstances would constitute a violation of the requirement to let the contract to the lowest bidder. It is only when a responsible bidder complies with the advertised terms that the contract may be awarded to him. Urbany v. City of Carroll, 176 Iowa 217, 157 N.W. 852 (1916); Williams v. Bergin, 129 Cal. 461, 62 P. 59 (1900); 63 C.J.S. Municipal Corporations § 1151, p. 826; 10 McQuillin 349.

Since appellants' proposal failed to meet the terms of the advertisement for bids, appellants, by their alternate proposal, did not attain status as a bidder under I.C. § 50–1923, compelling an award to the "lowest responsible bidder." Consequently, the City Commission was under the legal duty to reject appellants' proposal, and appellants suffered no injury when the Commission accepted the Eldon-Harris offer.

Nor does the partnership appellant, Parks & Sons, claim injury as a resident municipal taxpayer by virtue of the allegedly unlawful contract with Eldon-Harris.

Appellants, who demonstrate no substantial injury by virtue of the Commission's award to Eldon-Harris, cannot be permitted to challenge the validity of the proposed contract. Hence, we need not dispose of appellants' assignments of error whereby they advance the premise, that respondents' contract with Eldon-Harris violates Idaho's constitutional and statutory restrictions on municipal contractual indebtedness.

The summary judgment is affirmed. Costs to respondents.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.