607 P.2d 1091

**Ann D. (Allatt) PUCHNER, Plaintiff-Appellant,**

v.

**Peter J. D. ALLATT, Defendant-Respondent.**

No. 12975.

Supreme Court of Idaho.

March 18, 1980.

Jack M. Murphy, Shoshone, for plaintiff-appellant.

George R. Kneeland, Ketchum, for defendant-respondent.

Before SHEPARD, BAKES and BISTLINE, JJ., and MAYNARD and HARGRAVES, JJ., Pro Tem.

PER CURIAM.

This action came before the trial court on appellant's motion to enforce payment for child support.

In 1962 the parties were divorced. As a part of the decree of divorce, a property settlement and child custody agreement was approved by the court. Paragraph 4(c) of the agreement provided:

"In addition to the foregoing payments and in order to provide for the education of the child, the husband shall from the time the child attains the age of thirteen years and until the child attains age twenty-one or completes her college education or dies, whichever event shall sooner occur, pay to the wife for the education of the child an amount which taken together with the payments provided in (a) and (b) hereof shall equal 20% of the husband's net income (as defined herein) but the total of said payments shall not exceed the sum of Four thousand five hundred dollars ($4,500.00)."

When the child reached the age of thirteen years, the parties discussed her future education. Respondent did not increase the payment for the support of the child, but continued to pay the $200 per month child support required by the agreement. Appellant examined several private schools but did not enroll the child in any of them until the fall of 1974, when the child entered the Ketchum-Sun Valley Community School. Her tuition there was paid by the respondent.

In September, 1975, the child went to live with respondent, and he discontinued all child support payments. Appellant, on October 22, 1976, caused an order to show cause to be issued seeking to enforce the 1962 decree by charging respondent with contempt. The case was submitted to the district court on the affidavits and record before the court.

The district court found first that there was no evidence that the parties intended the agreement to be integrated instead of merging with the divorce decree, and that both parties had proceeded as if the agreement was merged in the decree.[1] On the basis of the facts before it, the court found that paragraph 4(c) of the agreement, providing for additional payments for the child's education, had been paid as agreed upon. The court concluded that defendant was not in contempt, that the support and education provisions of the agreement merged in the decree and terminated at age eighteen (on January 12, 1977) and that respondent should be dismissed from any future obligation for support and education of the child. No appeal was taken from that order.

On January 29, 1977, after she had obtained the age of majority, the child returned to live with appellant. Subsequently, on February 17, 1977, appellant filed a motion for rehearing, alleging that there had been a material change of circumstances and that there existed newly discovered evidence which had not been available when the matter had originally been heard. Appellant in her affidavit in support of this motion alleged that since her daughter had returned to live with her she did not have sufficient funds to support her, and she further alleged that respondent had breached the agreement by not providing the payments for the child's education.

The district court granted the motion to reopen, but, after a hearing, the court found that no new testimony had been submitted that had not been available at the time of the original hearing. The court then confirmed its original findings and decision.

Only one issue has been presented to this Court on appeal:[2] whether respondent was required to pay the sum specified in para-

---

1. Paragraph TENTH of the agreement stated: "In the event that any final judgment . . . shall be entered divorcing the parties hereto this Agreement shall not be merged in any decree or judgment that may be granted in an action for divorce . . . .." No one has argued this matter to us, so we will not consider it.

2. Appellant has conceded that respondent is not liable for payments during the time that the child lived with respondent. She has also conceded that respondent's obligation ceased when the child attained her majority at age 18.

graph 4(c) of the agreement from January 12, 1972 (when the child reached thirteen) until September, 1975 (when she went to live with respondent), regardless of the actual expenses of the child's education. Although respondent has apparently paid some of the child's actual expenses, including the $1,500 tuition for the year spent in a private school, he has not paid the maximum sum payable under that paragraph. The district court concluded nonetheless that respondent had fully met his obligation under that paragraph.

■ We agree with the district court. Where the terms of a contract are ambiguous, its interpretation and meaning present a question of fact. *Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 540 P.2d 792 (1975); *National Produce Distributors, Inc. v. Miles & Meyer, Inc.*, 75 Idaho 460, 274 P.2d 831 (1954).

■ On reading this entire agreement, we do not think that it is clear what the parties intended in paragraph 4(c). Paragraph 4(b) provided for $200 per month "for the support, education and maintenance of the child during her minority. . . ." Paragraph 2(a) states that the parents "shall jointly select the schools which the child shall attend." Paragraph 2(b) refers to the attendance of the child "at the school she is then attending or which has been selected for her attendance." Then paragraph 4(c), the one in dispute, is set forth "to provide for the education of the child" by paying "to the wife for the education of the child."

From these provisions, we see at least two ways to read the disputed paragraph: (1) the husband is to set up a fund for the daughter's college education or (2) he is to pay the expenses of her actual education up to a certain amount (on the assumption that she may attend a private school). Thus the district court was correct in looking to other evidence to discern the actual intent of the parties. *See Werry v. Phillips Petroleum Co., supra.*

■ An examination of that other evidence shows that the finding of the trial court was not clearly erroneous, and thus cannot now be set aside. *Church v. Roemer*, 94 Idaho 782, 498 P.2d 1255 (1972). When the child reached thirteen, the parties began discussing what school she should attend. In a letter to respondent dated March 3, 1973, appellant suggested that respondent not send the money for the child's education directly to appellant; instead, appellant offered to send the *bills* for the child's education to respondent for payment in order to assure respondent that the funds so sent would be used for the child's education. Not until the child went to live with respondent did appellant bring this action. Yet she has conceded that she has no claim to any payments made for the time the child spent with respondent, or for the time after the child returned to her because by then the child had reached her majority. Appellant does not contend that respondent has not paid the child's actual education expenses, and we do not think that the district court's finding that this is all that the parties intended is clearly erroneous.

Finding no error, the decree is affirmed. Costs to respondent.