748 P.2d 410

**R.D. BISCHOFF, Plaintiff–Appellant,**

v.

**QUONG–WATKINS PROPERTIES, a California partnership and Paul Quong, personally and individually, Defendants–Respondents.**

No. 16768.

Court of Appeals of Idaho.

Dec. 31, 1987.

W. Anthony Park, of Martin, Chapman, Park & Burkett, Boise, for plaintiff-appellant.

Edwin V. Apel, Jr., of Hawley, Troxell, Ennis & Hawley, Boise, for defendants-respondents.

HUNTLEY, Judge, Pro Tem.

R.D. Bischoff appeals the district court's amended judgment denying recovery for his real estate broker services rendered to Paul Quong. Bischoff's performance was pursuant to an oral agreement with Quong. He contends that the district court erred in construing the oral agreement, further asserting that the district court should have required Quong to compensate him for the reasonable value of his services. For reasons explained below, we affirm.

R.D. Bischoff is a Boise real estate broker. Paul Quong is a real estate developer from California and is a general partner in Quong–Watkins Properties. In November 1979, Bischoff and Quong met in Boise to discuss a proposed shopping mall development Quong was planning for the area near Eagle Road and Interstate 84 in Ada County, Idaho. An oral agreement was made during this meeting. Bischoff was to obtain options-to-buy on land parcels designated by Quong. Bischoff would realize commissions on any sales generated from the options. If consummated, the sales could have provided $217,000 in commissions to Bischoff. Bischoff was also to perform other services in relation to furthering the success of the development. Quong agreed to pay Bischoff "time and materials" for his "services."

828

Bischoff succeeded in obtaining the designated options. He also assisted with related objectives of the development including: meeting with local public officials, meeting with transportation department officials, checking on water and sewer feasibilities, working on annexation routes, attending planning and zoning meetings, preparing information packets on the development, and participating in, and supervising, a committee for the purpose of seeking an interstate interchange at the development site. When Quong would come to Boise, Bischoff provided transportation for him and at times traveled with him. Bischoff also assisted Quong by negotiating and dealing with special consultants hired by Quong to work on the development. Bischoff incurred out-of-pocket expenses for Quong's use of Bischoff's car, telephone use associated with the development, and the payment of a salary to a member of the interstate interchange committee.

There were great risks associated with Quong's financial investment in the development and Bischoff's prospective commissions. The development's success hinged on acquiring an interstate interchange. The interchange was ultimately not approved. Consequently, by late 1983 the development program had terminated. Because none of the options-to-buy had been exercised, Bischoff had not realized any commissions. In September 1983, Bischoff requested, for the first time, payment for his real estate broker services. Quong refused, asserting that Bischoff was to be paid only by commissions. Bischoff then commenced this action.

The district court found that an express oral agreement existed between the parties under which Bischoff was to be paid commissions for his real estate broker services. The court also found that Bischoff was to be paid "time and materials" for all other services. The court concluded that Bischoff could recover expenses incurred for work not related to his real estate broker services, and entered judgment accordingly. The district court amended this judgment to allow prejudgment interest. Bischoff presents two issues on appeal: first, whether the district court erred in its con-

struction of the oral agreement; and second, whether the equitable remedy of quantum meruit should have been available to him.

Findings of fact by a trial court will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52 (a). Consequently, our standard for reviewing a trial court's findings and conclusions is to determine whether they are supported by substantial, competent evidence, and to determine whether the trial court properly applied the law to the facts as found. *See Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

I

■ Generally, the inquiry by the trier of fact into an alleged oral agreement is three-fold: first, determining whether the agreement exists; second, interpreting the terms of the agreement; and third, construing the agreement for its intended legal effect. The question of whether there was a sufficient meeting of the minds to form an express agreement is to be determined by the trier of fact. *See, e.g., Johnson v. Allied Stores Corp.*, 106 Idaho 363, 679 P.2d 640 (1984); *Nordstrom v. Diamond International Corp.*, 109 Idaho 718, 710 P.2d 628 (Ct.App.1985). Here, the district court found that an express oral agreement existed. This finding is supported by substantial, competent evidence. We now turn to the district court's interpretation of the agreement's terms.

When the terms of an agreement are ambiguous, its interpretation and meaning become a question of fact. *International Engineering Co. v. Daum Industries, Inc.*, 102 Idaho 363, 630 P.2d 155 (1981). The primary task in interpreting the terms of an ambiguous agreement is to ascertain their meaning in accordance with the parties' true intent. *Id.* Here, the district court found that the parties agreed to pay Bischoff "time and materials" for his "services." The district court, however, found that there was no agreement as to what specific "services" were intended. Moreover, the court found that the parties also

agreed to pay Bischoff commissions for his real estate broker services. These findings are not clearly erroneous. The district court was faced with an ambiguous agreement and had to interpret the term "services" to ascertain its meaning in light of the commission and "time and material" forms of compensation. In so doing the district court may consider the objective and purpose of the agreement and the conduct of the parties to the agreement. *See Pollard Oil Co. v. Christensen,* 103 Idaho 110, 645 P.2d 344 (1982); *International Engineering Co. v. Daum Industries, Inc., supra.*

The record reflects the following conduct of the parties. Bischoff did not keep an ongoing record of the time he spent on the development. Bischoff testified that he expected to receive commissions for his real estate broker services. Bischoff had no experience with developments such as planned here. Bischoff performed some services typically performed by professional consultants; however, Quong hired several professional consultants, on a "time and materials" basis, for most of the planning work. Finally, several experts testified that it is customary for real estate brokers to substantially assist developers, like Bischoff did here, to assure the project's success and realize the prospective commissions.

From the foregoing, the district court interpreted the parties' agreement as meaning that Bischoff would be paid "time and materials" for services not customarily expected of a real estate broker. The district court's analysis is consistent with the guidelines suggested for interpreting contractual obligations as found in RESTATEMENT (SECOND) CONTRACTS §§ 200 to 204 (1981). Bischoff, however, complains of the district court's use of common practice or usage of the trade in interpreting the agreement. A court may look to custom and trade practice in interpreting an agreement as well as using such to supply an essential term which is reasonable in the circumstances to the agreement. RESTATEMENT (SECOND) CONTRACTS §§ 203, 204 (1981); *see also Nordstrom v. Diamond International Corp., supra.*

We see no error in the district court's interpretation of the agreement.

In construing the legal effect of the oral agreement, the district court found that Bischoff could recover "time and materials" for his work unrelated to real estate broker services. The court found that Bischoff had established with reasonable certainty, expenses for "time and materials" in an amount just over $7,700. Judgment for this amount was entered for Bischoff. An amended judgment was later filed awarding Bischoff $2,500 in prejudgment interest.

## II

Bischoff contends that the equitable remedy of quantum meruit should be applied for the real estate broker services he rendered to Quong. Although the district court concluded that Bischoff was not entitled to such a remedy because an express agreement existed covering the subject matter, Bischoff asserts that the trial court erred in that regard and that *Peavey v. Pellandini,* 97 Idaho 655, 551 P.2d 610 (1976), supports his position. We are not persuaded.

Quantum meruit is an equitable restitutionary remedy. It is used to compensate a person who has performed services at the request of another. Recovery is based on an implied in fact contract. An implied in fact contract is found where there is no express agreement but the conduct of the parties implies an agreement from which an obligation in contract exists. *Peavey v. Pellandini, supra.* The measure for recovery on quantum meruit is the reasonable value of the services rendered, not the value of the actual benefit realized and retained. *Peavey v. Pellandini, supra; see generally* D. DOBBS, HANDBOOK OF THE LAW OF REMEDIES § 4.2 at 237 (1973).

In *Peavey,* the plaintiff performed services under an alleged oral agreement with the defendant. The plaintiff sued the defendant to obtain compensation for his services. The jury found no express agreement existed between the parties, but found an implied in fact contract. The

plaintiff was allowed compensation under the theory of quantum meruit for the reasonable value of his services based upon the implied in fact contract.

 Here, the district court found an express oral agreement existed between Bischoff and Quong, and because of that, concluded that quantum meruit was not applicable. We find no error in the district court's conclusion.

### III

 Quong has requested attorney fees on appeal, claiming that the appeal was frivolously and unreasonably pursued. I.C. § 12–121; I.R.C.P. 54(e)(1). We are not left with the abiding belief that this appeal was frivolously or unreasonably pursued. Consequently, we deny Quong's request for attorney fees on appeal. *See Minich v. Gem State Developers*, 99 Idaho 911, 591 P.2d 1078 (1979).

The amended judgment of the district court is affirmed. Costs to respondent. No attorney fees awarded.

SWANSTROM, J., and McFADDEN, J., pro tem, concur.