861 P.2d 1215

**ADA COUNTY ASSESSOR, Petitioner–Appellant,**

v.

**Malcolm and Janet TAYLOR, Respondents.**

**No. 19548.**

Supreme Court of Idaho, Boise, January 1993 Term.

July 13, 1993.

Greg H. Bower, Ada County Pros. Atty., and David H. Bieter, Deputy Pros. Atty., for appellants. David H. Bieter argued.

Manweiler, Bevis & Cameron, Boise, for respondents. Howard I. Manweiler argued.

BISTLINE, Justice.

The Ada County Assessor ("the Assessor") appeals from an order granting the respondents, Janet and Malcolm Taylor ("the Taylors"), an I.C. § 63–105DD "homeowners exemption" for the property tax due on their residence. We find the Taylors are entitled to the exemption. Accordingly, we affirm the order of the district court.

## FACTS AND PROCEDURE

On October 12, 1989, Malcolm Taylor executed an agreement entitled "Real Estate Purchase and Sales Agreement and Receipt for Earnest Money" ("agreement"). The agreement involved residential property located in Ada County. There were no other documents executed in relation to the eventual sale of the property. Malcolm and Janet Taylor occupied the house on or before January 1, 1990.

On March 12, 1990, Malcolm Taylor filed for a homeowner's exemption for the Property by completing and filing the Ada County Assessor homeowner's exemption form. The Taylors also filed a copy of the agreement. On March 15, 1990, the sale of the property closed.

On April 3, 1990, the Ada County Assessor's Office sent a letter to the Taylors informing them that their application for the homeowner's exemption had been denied because "material submitted failed to establish ownership as of January 1, 1990." On April 4, 1990, Janet Taylor filed a Notice of Appeal to the Ada County Board of Equalization. The Board of Equalization denied the Taylors' appeal.

Janet Taylor then filed a Notice of Appeal with the Ada County Auditor, which was forwarded to the Idaho State Board of Tax Appeals. After a hearing on the matter, the Board of Tax Appeals reversed the Board of Equalization and granted the Taylors the 1990 homeowner's tax exemption.

The Ada County Assessor then appealed to the district court. After pretrial motions were decided, a trial was set for July 1, 1991, before the Honorable Gerald Schroeder. The district court heard the appeal from the Board of Tax Appeals as a trial de novo pursuant to I.C. § 63–3812. During the trial, held on July 1, 1991, the Assessor introduced a copy of the agreement and Warranty Deed No. 90133332, dated March 15, 1990, conveying the property to the Taylors. The Assessor produced no other evidence at trial.

The evidence adduced on behalf of the Taylors established that they moved to Boise in 1989 and that Malcolm Taylor began working as an employee of the Morrison Knudsen company. They entered into

the agreement and moved onto the property on November 1, 1989. The Taylors changed the locks on the property, painted the interior, and performed an inspection before moving in. They also paid the seller $2,000, which the Taylors considered a down payment. Malcolm Taylor called the Assessor's Office on two occasions and was under the impression that the application for the exemption would be granted.

Janet Taylor spoke to employees of the Assessor's Office about the exemption. She read the title of the agreement to an employee of the Assessor's Office and was told that she would receive the exemption. She did not read the contents of the agreement to anyone at the Assessor's Office.

The district court found that the agreement with the addendum contains language consistent with interpreting the agreement as a sales contract and also language indicating that it is a lease-option contract. The court found, however, that the Taylors treated the agreement as a sales contract, not as a lease option, and that they treated the property as owners and purchasers, not as renters. The district court found the fact that the Taylors made several calls to the Assessor's office and were otherwise acting as purchasers of the property was relevant to their interpretation of the transaction which the court found to be ambiguous. The court held that, despite somewhat inconsistent provisions in the agreement, the parties to the agreement intended it as a binding sales contract and that, therefore, it was an enforceable sales contract. Accordingly, the court granted the exemption to the Taylors.

The Assessor appeals from that decision. We affirm the district court.

## DISCUSSION

■ The homeowner's exemption statute, I.C. § 63–105DD states, in relevant part, that:

(1) During the tax year 1983 and each year thereafter, the first fifty thousand ($50,000) of the market value for the assessment purposes of residential improvements, or fifty percent (50%) of the market value for assessment purposes of residential improvements, whichever is the lesser, shall be exempt from ad valorem taxation.

(2) The exemption allowed by this section may be granted only if:

(a) The residential improvements are *owner*—occupied and used as the primary dwelling place of the *owner* as of January 1;

(b) the tax commission ... has certified to the board of county commissioners that all properties in the county which are subject to appraisal by the county assessor have, in fact, been appraised uniformly so as to secure a just valuation for all property within the county; and

(c) the *owner* has certified to the county assessor by April 15 that:

(i) he is making application for the exemption allowed by this section;

(ii) that the residential improvements are of his primary dwelling place; and

(iii) that he has not made application in any other county for the exemption, and has not made application for the exemption on any other residential improvements in the county.

I.C. § 63–105DD (emphasis added).

It is undisputed that the Taylors occupied and used the house as their primary dwelling as of January 1, that the tax commissioner's office properly certified its appraisal, and that the Taylors timely and properly applied for the exemption. Thus, the only question remaining is whether the Taylors were the owners of the property under the statutory provisions as of January 1.

Idaho Code § 63–105DD does not define the word "owner." However, the Assessor contends that a person must possess a "deed, contract, or other muniment of title" in order to be an owner for purposes of I.C.

§ 63–105DD. One of those various documents is sufficient to require that a change in ownership be noted on the tax rolls under I.C. § 63–313, which statute provides that:

> **Notation of change in ownership.—** Whenever any person is the owner of, or has contracted to purchase, either an undivided or defined portion of real property assessed as a whole, such owner or purchaser, upon producing his deed, contract, or other muniment of title, to the assessor at any time before the assessor has completed the assessment for that year, may have the entry of such assessment changed and corrected accordingly.

From this, the Assessor argues that the Taylors needed to have at least a contract to purchase the house in order to be an owner for purposes of the homeowners exemption statute. The Assessor requires a claimant to possess one of those documents before claimant will be granted an I.C. § 63–105DD homeowners exception. Whether this is the correct test for ownership is not before us because neither party challenges the Assessor's practice of determining eligibility for purposes of I.C. § 63–105DD. The Taylors simply argue that they had contracted to purchase the property. The Assessor argues the contrary. In light of the above, we accept the Assessor's test for ownership solely for the purposes of this opinion.[1]

■ Thus, the question is narrowed to whether in this case the agreement entered into is a contract to purchase. The objective in interpreting a contract is to ascertain and give effect to the intent of the parties. *Luzar v. Western Sur. Co.,* 107 Idaho 693, 697, 692 P.2d 337, 341 (1984). The interpretation of a contract's meaning is a question of law when the contract is clear and unambiguous. Where a contract is determined to be ambiguous, the interpretation of the document is a question of fact which focuses upon the intent of the parties. The threshold question of whether the contract is ambiguous is one of law and subject to free review by this Court. *Bondy v. Levy,* 121 Idaho 993, 996–97, 829 P.2d 1342, 1345–46 (1992). Our examination of the document in question leads us to agree with the views of the district court, i.e., that the language of the agreement is consistent with both a lease-option agreement and/or a contract to purchase.

The Assessor argues that the fact that the agreement is ambiguous prevented the district court from concluding it was a contract to purchase. As support for that contention, the Assessor cites to cases where this Court has held that *statutes* granting exemptions to *ad valorem* taxes are strictly construed against the taxpayer and that the burden is on the taxpayer to clearly establish the right to an exemption. *Andrews v. North Side Canal,* 52 Idaho 117, 123, 12 P.2d 263, 266 (1932); *Sunset Memorial Gardens v. Idaho State Tax Comm'n,* 80 Idaho 206, 219, 327 P.2d 766, 774 (1958). These cases stand for the proposition that the taxpayer must clearly establish the existence of an exception within the *statute.* These cases do not support the Assessor's contention that taxpayers must produce unambiguous documents in order to prove that they fall within a statutory exception. We decline to create a rule to that effect. Here, all parties agree that I.C. § 63–105DD unambiguously creates an exception to the general property tax statute. Thus, the Taylors have met their burden under *Andrews* and *Sunset Memorial Gardens* to establish a clear exception to the tax statute.

All that is left to determine is whether the agreement reached falls into that exception. Given an ambiguity in the contract, the trier of fact may consider extrinsic evidence in order to determine the par-

---

1. In essence, the Assessor grants homeowners exemption to those who are living in a home which they have contracted to purchase even if title has not been conveyed as of January 1. It could be argued, however, that since I.C. § 63–313, from which the Assessor derives the definition of the term owner, applies both to "owners" and "purchasers" the statute more likely suggests that an owner is someone with a "deed ... or other muniment of title" and a purchaser is someone with a "contract to purchase." But, the question of whether the Assessor is permitting purchasers to gain a tax advantage limited by statute to owners is not before us.

ties' intent. "Where the interpretation of the parties' agreement becomes a question *of fact, this Court will not set aside the trial court's finding unless it is clearly erroneous." International Eng'g Co. v. Daum Indus.,* 102 Idaho 363, 365, 630 P.2d 155, 157 (1981). Here in the instant case the district court considered the language of the agreement along with the post-agreement actions of the parties and concluded as a factual matter that the parties intended the agreement to be a purchase and sale agreement. As examples, the district court noted that: 1) the agreement was styled a "Purchase and Sale Agreement," 2) that a $2,000 non-refundable payment was made to the seller which was applied to the purchase price at closing, 3) that the Taylors were responsible for the maintenance of the house, 4) the seller covenanted the good working order of the mechanical systems of the house (plumbing, heating, sprinklers, etc.), and 5) that the agreement was conditioned upon a satisfactory house inspection. Although there is also evidence which militates towards a finding of a lease-purchase arrangement, we conclude that there is sufficient evidence in the record to support the trial court's finding that the agreement was a purchase and sale contract.

## CONCLUSION

We affirm the district court's finding that the agreement was a contract to purchase the property. Therefore, the Taylors were the *owners* of the property, as that word is defined by the Assessor. Because the Taylors owned the property and occupied the house as their principal residence as of January 1, 1990, they are entitled to the I.C. § 63–105DD homeowners exemption for the 1990 tax year. We affirm the order of the district court. Costs to the respondents. No attorney fees are awarded.

McDEVITT, C.J., JOHNSON, J., REINHARDT and FULLER, JJ., Pro Tems., concur.