34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRIPLE B FARMS, an Idaho partnership, Plaintiff-Appellee,
v.
HANEY SEED CO., an Idaho Corporation, Defendant-Appellant,
and
Hartford Accident & Indemnity Company, Defendant.
 No. 93-35805.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1994.
Decided Aug. 26, 1994.
 
 Before: KOZINSKI and FERNANDEZ, Circuit Judges, and REAL,* District Judge.
 MEMORANDUM**
 Triple B Farms, a debtor in bankruptcy, brought this action against Haney Seed Company and its surety, Hartford Accident & Indemnity Company, for breach of contract arising from Haney's failure either to pay enough for or to pay at all for beans delivered to it by Triple B. The district court entered judgment in favor of Triple B, and Haney appealed. Haney contends that the district court erred by admitting opinion evidence regarding bean origin and in instructing the jury on the measure of damages. It also contends that there was insufficient evidence to support the jury's verdict. We reject each of those contentions. However, we agree with Haney that it was entitled to an offset against Triple B's judgment. Therefore, we affirm in part and reverse in part.
 1. Haney asserts that the district court erred when it allowed Dr. Dale Stukenholtz to give an expert opinion because that opinion was based, in part, on hearsay information. However, the reliance of an expert on hearsay is not enough to require rejection of his opinion, even if that evidence would not otherwise be admissible. See Fed.R.Evid. 703; United States v. Mares, 940 F.2d 455, 462 (9th Cir.1991); Hudspeth v. Commissioner, 914 F.2d 1207, 1215 (9th Cir.1990); Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1261-62 (9th Cir.1984). Also, his reliance upon the representations of his client, Bernie Brown, that the beans acquired at Curry Grain were, indeed, Triple B beans was not so unreasonable as to require rejection of his opinion out of hand. Cf. United States v. Sims, 514 F.2d 147, 149 (9th Cir.), cert. denied, 423 U.S. 845, 96 S.Ct. 83, 46 L.Ed.2d 66 (1975). The weaknesses or flaws in Dr. Stukenholtz's testimony went to its weight, but did not turn admission of that testimony into an abuse of discretion.
 2. Haney also claims that there was insufficient evidence to support the verdict. But Haney failed to renew its motion for a directed verdict at the close of all of the evidence. "Under Federal Rule of Civil Procedure 50(b), a motion for a directed verdict at the close of all the evidence is a prerequisite for a post-trial motion for JNOV [or judgment as a matter of law]." Herrington v. Sonoma County, 834 F.2d 1488, 1500 (9th Cir.1987), amended, 857 F.2d 567 (1988), cert. denied, 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989). Our inquiry is therefore limited to determining whether there is an "absolute absence of evidence to support the jury's verdict" or whether plain error resulting in a manifest miscarriage of justice occurred. Id.; see also Smith v. Sumner, 994 F.2d 1401, 1404, 1407 (9th Cir.1993). There was no such void. Rather, there was some evidence to establish the facts at the heart of Triple B's claims--that is, Haney had comingled Triple B's beans with those of others and had, as a result, improperly graded and paid for Triple B's produce.
 3. Haney next complains of the district court's instruction on the measure of damages. However, Haney failed to object to the damage instruction in the district court before that instruction was given. That failure is fatal to Haney's argument on appeal. See Hammer v. Gross, 932 F.2d 842, 847-48 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 582, 116 L.Ed.2d 607 (1991).
 4. Finally, Haney contends that the district court erred when it granted summary judgment against it on its offset claim, which had already been "disallowed" by the bankruptcy court. In this, Haney is right on the mark. It can hardly be doubted that 11 U.S.C. Sec. 553 preserves a creditor's right to offset a debtor's claim even after that debtor has been discharged. When the creditor files no claim at all in the bankruptcy court, that offset right still remains available to it. See, e.g., In re De Laurentiis Entertainment Group Inc., 963 F.2d 1269, 1275-77 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992); In re Buckenmaier, 127 B.R. 233, 236-37 (Bankr. 9th Cir.1991).
 Of course, we recognize that where a claim of the type involved here is disallowed by the bankruptcy court, the offset right is not preserved. See 11 U.S.C. Sec. 553(a)(1). We also recognize that the bankruptcy court said that Haney's claim was disallowed. However, it is quite clear that what the bankruptcy court actually did was reject that claim because the proof of claim was filed too late. That court had already previously declared that Haney was entitled to the amount in question. Triple B conceded as much when it told the district court that Haney had not filed a claim in the bankruptcy proceeding. Therefore, the district court erred when it treated the word "disallow" as a Gorgon which turned Haney's otherwise viable setoff claim to lifeless stone.
 Whatever "disallowed" might be taken to mean in other contexts, it cannot mean a simple rejection of a bankruptcy claim because of an untimely filing. That construction would produce the bizarre result that a creditor is entitled to an offset if it does not file at all but is not so entitled if it files too late. That little bit of formalism would entirely fail to capture the purpose of Sec. 553, which is to avoid the injustice of forcing a creditor to pay a debtor while denying the creditor the right to collect what the debtor owes it.
 That injustice would be positively palpable in this case. For example, Haney advanced seed and money so that Triple B could grow the very beans in question. Triple B now says that it should be paid for those beans, but that Haney cannot offset the growing expenses incurred. We see no reason to foster that kind of injustice by drawing a distinction between a failure to file a bankruptcy claim on time and a failure to file one at all. We, therefore, reverse the district court's grant of summary judgment on the setoff issue and remand to the district court for a determination of the appropriate amount of setoff under the circumstances.[1]
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to award Triple B attorney fees on appeal pursuant to Idaho Code Secs. 12-120 and 12-121. Because Haney is entitled to offset or recoupment, Triple B is not the "prevailing party" on appeal and is not entitled to fees. See International Eng'g Co., Inc. v. Daum Industries, Inc., 630 P.2d 155, 158-59 (Idaho 1981); see also United States v. City of Twin Falls, Idaho, 806 F.2d 862, 879 (9th Cir.1986) (federal courts apply state law regarding attorney fee awards in diversity actions), cert. denied, 482 U.S. 914, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987)