137 So.2d 263 (1962)
Robert H. JACOBS, Appellant,
v.
AUTOMOTIVE REPAIR CENTER, INC., a Corporation, Appellee.
No. C-387.
District Court of Appeal of Florida. First District.
February 8, 1962.
*264 Reinstine, Reinstine & Panken, Jacksonville, for appellant.
Robinson & Randle, Jacksonville, for appellee.
RAWLS, Judge.
In this action at law to recover, in advance of the specified dates for payment, the full principal amount of a promissory note payable in installments, a summary final judgment was entered in favor of the plaintiff-payee and the defendant-maker appeals.
The note was given to evidence defendant's undertaking to pay to the order of the plaintiff "at Jacksonville, Florida," or at such place as the holder might designate, the principal sum of $30,000.00 payable in three equal installments due January 15, 1961, January 15, 1962, and January 15, 1963, respectively. It also contains the following covenants:
"If default be made in the payment of any of the installments above mentioned and if said default shall continue for a period of ten days, then the entire principal amount shall at the option of the holder hereof become at once due and collectible without notice, time being of the essence, and the principal amount due shall bear interest at the rate of 6% per annum from the date of the default until paid. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.
"Each person liable hereon whether maker or endorser, hereby waives presentment, protest, notice, notice of protest and notice of dishonor and agrees to pay all costs, including a reasonable attorney's fee; whether suit be brought or not, if, after maturity of this note counsel shall be employed to collect this note."
The installment payable January 15, 1961, was not paid within the ten day grace period provided by the note and on January 31, 1961, the plaintiff relying on the quoted provision, elected to declare the entire principal amount forthwith due and payable, and brought this suit to recover said principal sum, interest thereon at the legal rate from January 15, 1961, and a reasonable attorney's fee for the services of plaintiff's attorneys in the premises. The defendant thereafter deposited in the registry of the court the sum of $10,000.00, being the amount of the first installment of principal that became due on January 15, 1961, for application as the court might direct.
Defendant's answer sets forth the following defenses, in substance: (1) A denial that the note was in default for failure to pay the installment of principal due January 15, 1961, coupled with an allegation that on January 27, 1961, plaintiff refused defendant's tender of payment of said installment. (2) Affirmatively alleged that when the note was executed plaintiff's place of business was located at 17 West Church Street in Jacksonville, Florida; that it thereafter relocated its business in Jacksonville but did not inform defendant of having done so or of the place "where in Jacksonville, Florida, said installment was to be paid"; that defendant was ready and willing to make the payment but did not know where in Jacksonville, Florida, to do so. (3) A "defense on equitable grounds", which the trial court held to be insufficient to state a defense at law or in equity.
*265 Thereafter the parties severally moved for summary judgment and submitted their proofs in support thereof. Upon consideration thereof the trial court made a finding that there was no genuine issue as to any material fact, that plaintiff was entitled to judgment as a matter of law, and that defendant's so-called "defense on equitable grounds" failed to set forth a valid defense at law or in equity, and entered the summary final judgment forming the subject of this appeal.
The assignments of error and brief of the defendant-appellant present the following questions of law for determination by this court: (1) Whether the defendant on January 27, 1961, made an adequate and timely tender of the then past due installment of principal, thereby precluding what would otherwise have been the right of the holder of the note to exercise the option to declare the entire principal thereof to be forthwith due and payable. (2) Whether it was incumbent on the holder of the note, as a condition precedent to the exercise of such option, to present the note to the maker for payment at his known place of business and thus afford him an opportunity to pay the delinquent installment. (3) Whether defendant's plea entitled "defense on equitable grounds" stated a valid defense to the action.
With reference to the question of tender, the proof adduced before the trial court reflects that when plaintiff made demand upon defendant the latter countered with an oral offer to pay the delinquent installment. Such action on the part of defendant does not constitute a legal tender.[1]
Defendant's next contention is that it was incumbent upon plaintiff to seek him out and give notice and a reasonable opportunity to cure the default prior to accelerating the unpaid installments. The record clearly reflects that defendant made no effort to locate plaintiff and pay the delinquent installment until after expiry of the ten day grace period and after plaintiff had accelerated payment. Under such circumstances, we find that the debtor should have made some effort to seek the creditor,[2] and failing to do so, the creditor was well within his rights to exercise his option to accelerate.
Finally, a review of the record discloses that the trial court was eminently correct in finding that defendant's allegations of the so-called "defense on equitable grounds" fails to set forth any defense which would be good in law or equity. This purported defense dealt at length with the background of the transaction from which the note being considered arose. The consideration for the note is not questioned by defendant, and the contents of this purported defense had no bearing upon the issues presented to the trial court. The maker contracted to pay the holder various sums of money at a time certain; the instrument granted the maker a ten day grace period; it provided for acceleration without notice at the option of the holder in the event of default; the maker defaulted; no legal tender of the defaulted payment was made by the maker; the maker refused to pay and the holder exercised his right of recourse by filing suit.
The judgment of the trial court is affirmed.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.
NOTES
[1] Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929). "`Tender' has a definite legal signification. It imports not merely the readiness and ability to pay the money or to deliver the deed or other property, at the time and place mentioned in the contract, but also the actual production of the thing to be paid or delivered and an offer of it to the person to whom the tender is to be made. Holmes v. Holmes, 12 Barb. (N.Y.) 137, 144; 38 Cyc. 131; Hunt on Tender, 3."
[2] See M.A. Kite Company v. A.C. Samford, Inc., 130 So.2d 99 (Fla.App. 1961), and cases cited therein.