335 So.2d 9 (1976)
MOTEL MANAGEMENT COMPANY, INC., a Florida Corporation, Appellant,
v.
Mannie WINGER, Individually, et al., Appellees.
No. 75-1510.
District Court of Appeal of Florida, Fourth District.
July 16, 1976.
Richard W. Wasserman, Miami Beach, for appellant.
Michael K. Davis of Watson, Hubert & Davis, Fort Lauderdale, for appellees.
WALKER, WILLIAM L., Associate Judge.
Appellant, plaintiff below, sued defendants/appellees on a promissory note in the original principal sum of $117,500, alleging failure to pay a $12,000 installment when due on August 23, 1974. The then remaining principal was $92,682.79. The plaintiff further alleged an acceleration of the principal balance for failure to pay that installment. There is no disagreement by the parties that there is a right by the general terms of the note to accelerate the balance for non-payment of an installment. What is at issue is whether that right was properly exercised. The trial court held that plaintiff was not entitled to accelerate and demand payment from the defendants for anything other than the installment of August 23, 1974.
Defendants Mann, Winger and Arnold are original makers of the note. Slater Properties is a third party defendant. Slater Properties had taken over the properties involved in the mortgage and the primary responsibility to pay the note, but the liability of the original makers was not released nor in anyway extinguished. The note by its terms waives demand. Plaintiff does not seek to foreclose the mortgage but sues the original makers only on the note. Three days after the installment was due, and prior to any acceleration, appellant on August 26, 1974 called Slater Properties informing it of the default, and Slater promised payment of the $12,000 installment. No demand was made at that time upon Mann, Winger and Arnold. Payment was not made as promised and on September 6, 1974 plaintiff telegraphed Slater Properties and the defendants Mann, Winger and Arnold that the plaintiff was accelerating the principal balance. On September 7 a telephone offer of payment was made and rejected. On September 20 a tender of $12,000 certified check was made by defendant Mann. This tender was likewise refused.
Defendants cited Lieberbaum et al. v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla.App. 3rd, 1960), contending the facts here show an unconscionable acceleration. We believe that case is distinguishable on *10 the facts. Our holding in the present case is supported by Jacobs v. Automotive Repair Center, Inc., 137 So.2d 263 (Fla.App. 1st, 1962), and Campbell v. Werner, 232 So.2d 252 (Fla.App. 3rd, 1970). There is no requirement a creditor seek out the maker and give him opportunity to cure default. We see no equitable defense in the facts in the instant case. Reversed and remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
ALDERMAN, J., and ADAMS, ALTO, Supreme Court Justice (Retired), concur.