PER CURIAM.
Since Perez was in default under the mortgage by failing to pay property taxes for four successive years, Millett, by the filing of a foreclosure action, exercised his option to accelerate the mortgage debt before any tender of the amounts due under the mortgage, that is, the amounts which Millett paid to redeem the tax certificates. Kreiss Potassium Phosphate Company v. Knight, 98 Fla. 1004, 124 So. 751 (1929); Corlett v. Wood, 81 Fla. 510, 88 So. 268 (1921); Prince v. Mahin, 73 Fla. 525, 74 So. 696 (1917); Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). Perez’s argument against foreclosure was that because the mortgagee had not only the option to foreclose, but the option to pay overdue taxes and demand payment therefor, without waiving his right to foreclose, Perez was entitled before the foreclosure action was instituted to be notified by Millett that he intended to foreclose.
We agree with Millett that the law does not require a mortgagee to notify a mortgagor of his intent to exercise his option prior to instituting a foreclosure suit, but requires only that the option be exercised, as it was here, prior to tender of amounts due from the mortgagor. A mortgagee simply has no duty to give a mortgagor an opportunity to cure a default. Motel Management Company, Inc. v. Winger, 335 So.2d 9 (Fla. 4th DCA 1976); Campbell v. Werner, supra, at 257.
Therefore, since there exist no equitable grounds which would support the trial court’s denial of the mortgagee’s contractual right to acceleration and a judgment of foreclosure in his favor or its corollary judgment allowing the mortgagor to cure the default by reimbursing the mortgagee, we reverse the final judgment entered by the trial court with directions that final judgment of foreclosure be entered in favor of Millett. See Scarfo v. Peever, 405 So.2d 1064 (Fla. 5th DCA 1981); Heimer v. Albion Realty and Mortgage Company, 300 So.2d 31 (Fla. 3d DCA 1974).
Reversed and remanded with directions.