IN RE: FORECLOSURE OF A DEED OF TRUST GIVEN BY BILL M. TAYLOR AND WIFE, LINDA B. TAYLOR TO J. KENYON WILSON, JR., TRUSTEE, DATED JUNE 4, 1976, RECORDED IN BOOK 372, PAGE 186, PASQUO-TANK COUNTY REGISTRY, BY G. ELVIN SMALL, III, SUBSTITUTE TRUSTEE

No. 811SC1309

(Filed 21 December 1982)

**Mortgages and Deeds of Trust § 15— installment contract for sale of security property—conveyance within meaning of due-on-sale clause**

A contract for the sale, on an installment payment basis, of real property subject to a deed of trust transferred equitable title to the purchaser and constituted a "conveyance" which triggered the operation of a due-on-sale clause in the note and deed of trust.

APPEAL by respondents from *Small, Judge.* Order filed 2 October 1981 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 17 September 1982.

Respondents appeal from an order authorizing foreclosure of a deed of trust.

*Wilson & Ellis, by M. H. Hood Ellis and David W. Boone, for petitioner appellee.*

*LeRoy, Wells, Shaw, Hornthal & Riley, by Mark M. Maland, for respondent appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by L. P. McLendon, Jr., Edward C. Winslow, III, and Randall A. Underwood, for North Carolina Savings and Loan League, amicus curiae.*

WHICHARD, Judge.

I.

Where the language of a promissory note and deed of trust clearly bestows such a right, a savings and loan may demand full and present payment of the balance of a loan, secured by a deed of trust upon real property, if the borrowers breach their covenant not to convey the security property without the lender's consent; and if the borrowers fail to comply with the demand for payment, the lender may institute foreclosure proceedings upon the security property. *In re Foreclosure of Bonder*, 306 N.C. 451, 293 S.E. 2d 798 (1982) (residential property); *Crockett v. Savings & Loan Assoc.*, 289 N.C. 620, 224 S.E. 2d 580 (1976) (commercial property).

The issue here is whether a contract for sale, on an installment payment basis, of real property subject to a deed of trust, constitutes a "conveyance" which triggers operation of a due-on-sale clause. We hold that it does.

II.

Petitioner, Albemarle Savings and Loan Association, loaned respondents money with which to purchase real property. The debt was secured by a combined note and deed of trust which contained a "due-on-sale" clause providing that "upon any conveyance of the property . . . without the prior consent of the Association . . . the holder of this note may exercise the option of treating the remainder of the debt as immediately due and collectible." The instrument further provided that if respondents

failed to perform any of the obligations imposed thereunder, petitioner could treat all sums owed as due and collectible; and on non-payment thereof, followed by petitioner's request, the trustee would have the right and duty to foreclose on the security property.

Respondents thereafter, without petitioner's prior consent, executed an instrument captioned "contract of sale," the subject of which, in part, was the property which secured respondents' note and deed of trust to petitioner. The instrument described respondents as "Seller" and provided that "Seller hereby sells and agrees to convey" the subject property. The purchaser was to pay a portion of the purchase price upon execution of the contract and a further portion on or before the first day of the following year. It was to pay the balance in monthly installments which precisely equalled the monthly payments on respondents' note and deed of trust with petitioner. It could pay these installments either to respondents or directly to petitioner.

The instrument further provided that the purchaser would thereafter pay all taxes and assessments on the property, and would keep the property insured and pay the premiums. It granted the purchaser entitlement to immediate possession of the property, to be retained absent default in its terms and conditions. It provided that respondents would be responsible for a realtor's commission upon execution of the contract. Upon completion of the payments and performance of the other contract conditions, respondents were to convey the subject property to the purchaser free of encumbrances.

This "contract of sale" was recorded with the Register of Deeds of Pasquotank County. Petitioner learned of the contract and notified respondents that it was exercising its right to accelerate payment of the balance due on their obligation. Upon respondents' failure to pay the balance due or to modify the provisions of the note and deed of trust, petitioner instituted foreclosure proceedings.

From an order authorizing foreclosure, respondents appeal.

### III.

The validity of the due-on-sale clause is established by *Bonder* and *Crockett, supra,* and respondents do not assert other-

wise. They contend, rather, that the installment sales contract was not a "conveyance" within the meaning of that term as used in the controlling instrument, and that it thus did not trigger petitioner's right to accelerate the debt. The basis of their contention is that they made only an executory promise to convey, not an actual transfer of legal title.

## IV.

Respondents' contention regards form over substance. The transaction clearly granted the purchaser all the benefits and responsibilities of ownership. The instrument expressly stated that respondents were "sell[ing] and agree[ing] to convey." The payment arrangement was the evident equivalent of payment to respondents' for their equity and assumption of their indebtedness. The purchaser became responsible for taxes, assessments, and insurance. Immediate possession went to the purchaser. Respondents became liable for payment of a realtor's commission upon execution of the contract, not upon subsequent execution of the deed. The evident substance of the transaction, then, was a completed conveyance of all equitable interest in the security property, leaving only the formality of a subsequent transfer by deed of the legal title.

## V.

The vendee in an executory contract for the sale of land holds an equitable interest therein. See *Scott v. Jordan*, 235 N.C. 244, 69 S.E. 2d 557 (1952). Absent inability of the vendor to convey, or express stipulation to the contrary, the risk of loss of property subject to such a contract falls on the vendee, who is treated as the equitable owner. See *Warehouse Co. v. Warehouse Corp.*, 185 N.C. 518, 550-51, 117 S.E. 625, 627 (1923); *Webster's Real Estate Law in North Carolina* § 151 (Hetrick rev. ed. 1981). See also G.S. 39-39(2). The relation between vendor and vendee in an executory contract for sale of land is legally analogous to, and follows the same general rules as, the relation between mortgagee and mortgagor. *Brannock v. Fletcher*, 271 N.C. 65, 70, 155 S.E. 2d 532, 539 (1967). "As between the parties, the vendor may be considered a mortgagee and the vendee a mortgagor." *Id.* at 71, 155 S.E. 2d at 539. A mortgagee holds legal title, but only as security for the debt. *Gregg v. Williamson*, 246 N.C. 356, 358-59, 98 S.E. 2d 481, 484 (1957). The mortgagor holds beneficial title in

the equity of redemption which, absent provision to the contrary, he may freely transfer. *See Pearce v. Watkins*, 219 N.C. 636, 14 S.E. 2d 653 (1941); *Webster's, supra*, § 267.

Pursuant to the foregoing principles, the "contract of sale" here fully transferred to the purchaser the equitable interest in the property which secured petitioner's loan to respondents.

## VI.

In *Terry v. Born*, 24 Wash. App. 652, 654, 604 P. 2d 504, 506 (1979), the court stated: "Although the term 'conveyance' in a strict legal sense means a transfer of legal title to land . . . it also denotes any transfer of title, legal or equitable. [Citation omitted.] We hold that the challenged transfer of the equitable interest . . . was a 'conveyance.' "

In *Mutual Federal Savings & Loan Association v. Wisconsin Wire Works*, 58 Wis. 2d 99, 105, 205 N.W. 2d 762, 766 (1973), the court stated:

> The term "convey" applies to any transfer of title to the mortgaged property whether legal or equitable. By the execution of a land contract which conveyed equitable title . . . [the grantor] conveyed away the mortgaged premises. The contractual term is not ambiguous. In the parlance of both laymen and lawyers, a land contract is a conveyance.

In *Krause v. Columbia Savings and Loan Association*, --- Colo. App. ---, ---, 631 P. 2d 1158, 1160 (1981), we find:

> Although an installment sale may take a different form and more time to complete than an outright sale, the difference is one of procedure and not substance. It is a "sale or transfer of the real property" for purposes of the due on sale clause in the deed of trust.

In *Century Federal Savings & Loan Association v. Van Glahn*, 144 N.J. Super. 48, 57, 364 A. 2d 558, 563 (1976), the court held that "a long-term contract which transfers equitable title is a 'change of ownership' sufficient to invoke [an] acceleration clause." *See also Tucker v. Lassen Savings and Loan Association*, 12 Cal. 3d 629, 637, 526 P. 2d 1169, 1173-74, 116 Cal. Rptr. 633, 637-38 (1974) (one who executes an installment land sales contract

conveys "*an interest* in the property—to wit, his equitable interest"); *Bellingham First Federal Savings & Loan Association v. Garrison*, 87 Wash. 2d 437, 439, 553 P. 2d 1090, 1091 (1976) (installment sales contract was an "inter vivos transfer" within meaning of mortgage clause prohibiting such without written consent of mortgagee); *Black's Law Dictionary* 301 (5th ed.) ("conveyance" includes "[a]n instrument by which *some* estate or interest in lands is transferred from one person to another") (emphasis supplied).

## VII.

We concur in the foregoing reasoning. The transaction here was a transparent subterfuge designed to circumvent *Crockett* and *Bonder.* To permit it to nullify application of petitioner's due-on-sale clause would be altogether inconsistent with those decisions. As stated in *Williams v. First Federal Savings & Loan Association, Etc.,* 651 F. 2d 910, 918 (4th Cir. 1981):

> There can be no doubt that, had a customary real estate deed been employed to accomplish directly the essentially identical result . . . , the due-on-sale clause would have been triggered. If one travels by by-roads rather than use an interstate highway, but ends up at the same destination, the journey has nonetheless taken place.

## VIII.

We hold that the installment contract for sale of the security property transferred equitable title therein to the purchaser and constituted a "conveyance" within the meaning and intent of that term as used in petitioner's due-on-sale clause. Petitioner thus was entitled to accelerate the balance of respondents' debt when respondents entered the contract without petitioner's prior consent; and on non-payment of the sum then due, petitioner was entitled to foreclose on the security property.

The order authorizing foreclosure is therefore

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.