IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF FERDINAND
RUEPP AND BILLIE LEE RUEPP, GRANTORS, TO LARRY W. BYRD,
TRUSTEE, AS RECORDED IN BOOK 4230 AT PAGE 48 OF THE MECKLENBURG PUBLIC
REGISTRY. SEE APPOINTMENT OF SUBSTITUTE TRUSTEE AS RECORDED IN BOOK 4663
AT PAGE 895 OF THE MECKLENBURG PUBLIC REGISTRY

No. 8326SC1187

(Filed 6 November 1984)

**Mortgages and Deeds of Trust § 15— foreclosure of subordinate deed of trust—no
default under "due on sale" clause**

The foreclosure of a subordinate deed of trust and the resulting con-
veyance by the trustee to a party other than the original borrower does not
amount to a sale of the property by the borrower so as to constitute an event
of default under a "due on sale" clause in the senior deed of trust which would
allow the original lender to accelerate payment of the outstanding balance
owed to it where the senior deed of trust expressly permitted subordinate
deeds of trust.

APPEAL by Petitioner, Columbus Mutual Life Insurance Com-
pany, from *Saunders, Judge.* Judgment entered 15 August 1983 in
Superior Court, MECKLENBURG County. Heard in the Court of Ap-
peals 30 August 1984.

This is a special proceeding in which petitioner Columbus
Mutual Life Insurance Company (petitioner) seeks to foreclose on
a deed of trust pursuant to a due on sale clause contained in the
instrument.

The essential facts are:

On 31 August 1979, Ferdinand Ruepp and wife, Billie Lee
Ruepp (borrowers) executed a deed of trust to Larry W. Byrd,
trustee for Stockton, White and Company (lender), securing a
promissory note in the original principal amount of $52,500. This
deed of trust (original deed of trust) was subsequently assigned
by lender to petitioner which at all times relevant to this action
has been the owner and holder of the instruments.

The original deed of trust in this case is a standard Federal
National Mortgage Association and Federal Home Loan Mortgage
Corporation (FNMA/FHLMC) uniform instrument containing in
paragraph 17 what is commonly referred to as the "FNMA/
FHLMC due on sale clause" which reads as follows:

17. Transfer of the Property; Assumption. If all or any part of the Property or an interest therein is sold or transferred *by Borrower* without Lender's prior written consent, *excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust*; (b) the creation of a purchase money security interest for household appliances; (c) a transfer by devise, descent, or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Deed of Trust and the Note.

If Lender exercises the option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which the Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 18 hereof. [Emphasis added.]

On 21 February 1981, borrowers executed a subordinate lien in the form of a deed of trust in favor of James W. Kiser, trustee for North Carolina National Bank (N.C.N.B.), securing a promissory note in the original principal amount of $15,570 (second deed of trust).

Upon default by borrowers, Lewis H. Parham, Jr., as substitute trustee, was instructed by N.C.N.B. to institute foreclosure proceedings on the second deed of trust and note. On 28 January

1983, pursuant to an order of the Assistant Clerk of Superior Court of Mecklenburg County, Lewis H. Parham, Jr., as substitute trustee for N.C.N.B., executed and filed for record a deed conveying the property secured to Gary H. Watts Realty Company (respondent) which is the appellee here.

On 18 April 1983 respondent received written notice from petitioner that the foreclosure on the second deed of trust and conveyance of the secured property to respondent constituted an event of default under the original deed of trust. This notice also included petitioner's election to accelerate the debt secured by the original deed of trust and a demand that respondent pay the debt in full. Respondent refused to pay the debt in full and petitioner began foreclosure proceedings on the original deed of trust.

On 23 June 1983, the Honorable Jane S. Barkley, Assistant Clerk of Superior Court of Mecklenburg County, denied foreclosure of the original deed of trust holding that the conveyance of the property by the substitute trustee under the second deed of trust would not invoke the right of petitioner to declare a default under the original deed of trust.

From the order denying foreclosure of the original deed of trust, petitioner appealed, requesting a trial *de novo* before the Superior Court of Mecklenburg County. At the trial *de novo*, all matters were stipulated to by the parties with the exception of a conclusion that an event of default existed under the original deed of trust. The trial court upheld the Assistant Clerk of Superior Court's order and ordered the substitute trustee of the original deed of trust not to proceed with the foreclosure. Petitioner appeals.

*Manning, Fulton and Skinner, by Charles L. Fulton, and E. Fred McPhail, for Columbus Mutual Life Insurance Company, petitioner-appellant.*

*Kenneth W. Parsons, for Gary H. Watts Realty Company, respondent-appellee.*

EAGLES, Judge.

This appeal raises an issue of first impression: Whether the foreclosure of a subordinate deed of trust activates the due on

sale clause of the standard FNMA/FHLMC Uniform Instrument. We hold that it does not.

## I

Petitioner first assigns as error the trial court's conclusion of law that petitioner elected to use the FNMA/FHLMC standard instrument as the original deed of trust and that petitioner thereby impliedly waived the acceleration provisions of paragraph 17. We find no error.

Petitioner argues that there was no evidence before the trial court upon which it could conclude that petitioner elected to use the FNMA/FHLMC standard instrument as the original deed of trust. The only evidence presented at the trial *de novo* was contained in the stipulations which make no reference to the manner in which the language of the original deed of trust was agreed upon, nor to the manner in which the printed form used was selected. We note, however, that the trial court is always permitted to incorporate matters of such common knowledge that they are subject to "judicial notice." See, generally, 1 Stansbury, North Carolina Evidence, Section 11 (Brandis Ed. 1982). It is common knowledge that institutional lenders customarily dictate the form and language of the loan documentation to be used. Further, even if the conclusion was error, the error was harmless and petitioner has shown no prejudice.

## II

Petitioner next assigns as error the trial court's refusal to conclude that an event of default existed under the original deed of trust, and that petitioner was entitled to accelerate the payment due. We find no error.

We agree that this assignment of error appears to present an issue of first impression in North Carolina: Whether the foreclosure of a subordinate deed of trust and the resulting conveyance to a party other than the original borrower amounts to a sale of "all or any part of the property or an interest therein . . . by Borrower without Lender's prior written Consent" so as to constitute default under the senior deed of trust containing the FNMA/FHLMC due on sale clause. We hold that such a foreclosure is not a default under the FNMA/FHLMC due on sale clause.

Our appellate courts have upheld due on sale clauses containing acceleration provisions. *Crockett v. Savings & Loan Assoc.*, 289 N.C. 620, 224 S.E. 2d 580 (1976); *In Re Foreclosure of Bonder*, 306 N.C. 451, 293 S.E. 2d 798 (1982); and *In Re Foreclosure of Taylor*, 60 N.C. App. 134, 298 S.E. 2d 163 (1982). None of these cases address the narrow issue now before us.

An examination of the due on sale clause in question shows on its face that the type of subordinate lien foreclosed on in the instant case is expressly permitted. We think that where a subordinate lien is expressly permitted, the lender should reasonably anticipate that the borrower could default and the second lien could be foreclosed upon. Where a subordinate lien is expressly allowed, the trial court was correct in concluding as a matter of law that the lender impliedly waived the acceleration provisions of paragraph 17 upon the later exercise of the power of sale contained in the subordinate, second deed of trust. Petitioner, as assignee of the lender, is bound by the express terms of the instruments.

We note that the sale was not *by the borrower*. The sale and conveyance was ordered by the Assistant Clerk of Superior Court, Mecklenburg County and carried out by the substitute trustee.

We hold that the conveyance of the real property in question pursuant to the power of sale in the second deed of trust does not constitute an event of default under the terms of the FNMA/FHLMC due on sale clause contained in the original deed of trust sought to be foreclosed herein and does not entitle the petitioner to accelerate payment of the outstanding balance. The order of the Superior Court is affirmed. Petitioner's other assignments of error are without merit.

Affirmed.

Judges ARNOLD and WHICHARD concur.