476 So.2d 767 (1985)
Cynthia YELEN, Appellant,
v.
BANKERS TRUST COMPANY, Appellee.
No. 85-298.
District Court of Appeal of Florida, Third District.
October 15, 1985.
*768 Yelen & Yelen and Jan A. Yelen, Coral Gables, for appellant.
William P. McCaughan, Coral Gables, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Defendant Cynthia Yelen appeals a final summary judgment for foreclosure in favor of plaintiff Bankers Trust Company.
The dispute between the parties evolved out of the following circumstances. On October 7, 1977 Remo and Anna Iuri executed a mortgage to Zenith Mortgage Company securing a promissory note for $40,000. The mortgage which they executed is a standard Federal National Mortgage Association and Federal Home Loan Mortgage Corporation (FNMA/FHLMC) instrument containing in paragraph 17 what is commonly known as a "due on sale clause." Paragraph 17 provides in part:
17. Transfer of the Property: Assumption. If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable.
This mortgage was subsequently assigned to Bankers Trust Company. On April 8, 1981 the Iuris executed a second mortgage on the property as a subordinate lien in favor of Ms. Yelen, securing a promissory note of $25,000.
Ms. Yelen instituted foreclosure proceedings on the property upon the Iuris' default. Pursuant to a final summary judgment, the property was sold to Ms. Yelen by the clerk of the court at a foreclosure sale. A certificate of title was issued to Ms. Yelen on July 10, 1984.
On August 1, 1984 Bankers Trust Company notified the Iuris that its first mortgage was in default because the Iuris had fallen three months behind in payments. The company stated in its letter that the payments must be brought current by August 31, 1984 or it might accelerate the mortgage. On August 16, 1984 Ms. Yelen tendered to Bankers Trust Company a cashier's check in the sum necessary to bring the mortgage current. Bankers Trust Company refused the tender and brought suit for foreclosure. Count I of its complaint alleged a default by nonpayment of the mortgage. Count II alleged a default based on a violation of paragraph 17 through Ms. Yelen's acquisition of title. The trial court granted a final summary judgment for foreclosure.
Ms. Yelen raises two issues on appeal. First she contends that foreclosure must be denied where payment of the past due amount is tendered after the default but before the lender has declared the entire amount due.
*769 In the instant case Ms. Yelen tendered the past due amount prior to Bankers Trust Company's exercise of its option to accelerate the mortgage. A tender of arrears, made before the lender has declared the entire amount due, prevents the lender's acceleration of the mortgage. River Holding Co. v. Nickel, 62 So.2d 702 (Fla. 1952); see David v. Sun Federal Savings & Loan Association, 461 So.2d 93 (Fla. 1984); Millett v. Perez, 418 So.2d 1067 (Fla. 3d DCA 1982); New England Mutual Life Insurance Co. v. Luxury Home Builders, Inc., 311 So.2d 160 (Fla. 3d DCA 1975); Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). We find Bankers Trust Company is barred from foreclosing for nonpayment of the mortgage because Ms. Yelen's tender, if accepted, would have cured the default.
Ms. Yelen secondly contends that foreclosure of a subordinate mortgage is not a sale or transfer of the property by the borrower under the due on sale clause of the FNMA/FHLMC uniform instrument.
This is an issue of first impression in the State of Florida. The exact question was recently considered by the Court of Appeals of North Carolina in In re Ruepp, 71 N.C. App. 146, 321 S.E.2d 517 (1984). There, as in the instant case, the subordinate lienholder foreclosed on the subject property. The first holder of the deed of trust sought to accelerate the debt, arguing that the junior lienholder's foreclosure constituted a default under the due on sale clause of the FNMA/FHLMC standard instrument. The court held that the junior lienholder's foreclosure did not activate the due on sale clause. In Barr Development, Inc. v. Utah Mortgage Loan Corp., 106 Idaho 46, 675 P.2d 25 (1983), the court construed a due on sale clause as it related to a foreclosure of the property. The clause in Barr Development contained language similar to that found in paragraph 17. The Idaho Supreme Court held that the clause was intended to encompass only those conveyances subject to agreement and that a foreclosure, being an involuntary conveyance, did not trigger the clause. Id. 675 P.2d at 26-27.
Our view is in accordance with the authorities cited. Paragraph 17 provides, in part, that sale or transfer of "the property ... by Borrower without Lender's prior written consent" constitutes a default of the mortgage. In this case the sale was not by the borrower, but was ordered by the clerk of the circuit court. This was not a voluntary transfer on the part of the borrower. Furthermore, paragraph 17 allows the borrower to execute a subordinate lien. We find, as did the court in In re Ruepp, 321 S.E.2d at 519, that the lender, by expressly permitting the borrower to execute a subordinate mortgage, has impliedly waived the acceleration option in the event of the subordinate lienholder's foreclosure of its mortgage.
We hold that a foreclosure of a subordinate mortgage does not trigger the due on sale clause of the first mortgage lender's standard FNMA/FHLMC instrument. Accordingly, the final summary judgment appealed is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed.
BASKIN, J., concurs.
FERGUSON, Justice (dissenting).
I agree with the majority holding that a tender of mortgage payment arrears before the lender has declared the entire amount due prevents acceleration of the mortgage. I disagree, however, that the lender's consent to encumber the property with a junior lien means that the "due on sale" clause is inoperative if the mortgaged property is transferred by foreclosure.
A more commercially reasonable interpretation of paragraph 17 is that it puts a junior lienor on notice that, in the event of a foreclosure action on the subordinate mortgage, the first mortgage could be accelerated. The act which gives the lender the right to accelerate is not the encumbering, but the transfer by foreclosure on the encumbrance.
*770 The exceptions carved out of the acceleration provision by clauses (a) through (d) have a common thread. In each of them the original borrowers, or one of them, continue as owners of the property which secures the underlying obligation. A foreclosure, dissimilarly, effects a transfer of ownership  "without Lender's prior written consent."