**Robert BLITZ, Plaintiff–Appellant and Cross–Appellee,**

v.

**Jim MARINO a/k/a S. James Marino and the Bank of Aspen, a Colorado banking corporation, Defendants–Appellees and Cross–Appellants.**

No. 87CA1399.

Colorado Court of Appeals, Div. IV.

Dec. 7, 1989.

Richard Y. Neiley, Jr., P.C., Richard Y. Neiley, Jr. and Eugene M. Alder, Aspen, for plaintiff-appellant and cross-appellee.

J. Nicholas McGrath, P.C., J. Nicholas McGrath and John T. Combs, Aspen, for defendants-appellees and cross-appellants, S. James Marino and The Bank of Aspen.

Clark Law Offices, William E. Clark, Aspen, for defendant-appellee and cross-appellant, Bank of Aspen.

John T. Kelly, Aspen, for defendant-appellee and cross-appellant, S. James Marino.

Opinion by Judge REED.

The plaintiff, Robert Blitz, appeals the summary judgment dismissing his action for recovery on a promissory note and foreclosure of the deed of trust securing the note. The defendants, Bank of Aspen and Jim Marino, cross-appeal the trial court's denial of their claim for attorney fees. We reverse.

The facts, with one exception, are undisputed. Blitz was the payee and holder of a promissory note dated November 10, 1981, and executed by E.R. Gordon and W.H. Birk in connection with their purchase of a condominium. The note provided that interest would begin to accrue in July 1981, but that payment of principal would not begin until the sale of the condominium by the makers of the note or until the year 1987, whichever first occurred. Upon the happening of either event, all accrued interest was to be paid forthwith, and the principal, plus interest, was to be paid in monthly installments over a period of twelve years.

The note was secured by a deed of trust on the subject property which provided, *inter alia:*

"If all or any part of the property or an interest therein is sold or transferred by [the purchasers Gordon and Birk] without beneficiary's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust ... beneficiary may, at beneficiary's option, declare all sums secured by this Deed of Trust to be immediately due and payable."

The promissory note also contained an acceleration clause that payment upon the principal would be activated by the transfer of an interest in the property.

Thereafter, both Birk and Gordon executed various promissory notes in favor of the Bank of Aspen. Some of these notes were secured by deeds of trust on their respective interests in the subject property, but all were subordinate to Blitz's encumbrance. On November 16, 1984, Birk, being in default, executed a deed conveying his interest in the subject property to the Bank. Blitz stipulated, for the purpose of argument only and without prejudice to his interest, that the transfer from Birk to the Bank was involuntary. The Bank thereafter also acquired Gordon's interest in property through foreclosure.

In March 1986, the bank conveyed the property to defendant Jim Marino. At that time, all accrued interest was paid as were the subsequent prescribed monthly installments of principal and interest. A later sale occurred which paid and discharged the balance of the note. All of these payments were made and accepted pursuant to the stipulation of the parties that their receipt was without prejudice for Blitz to seek recovery in this proceeding of penalty interest allegedly resulting from the acceleration of the note by virtue of the prior foreclosure and Birk's deed.

After an unsuccessful attempt by Blitz to obtain an order authorizing a public trustee's foreclosure, he commenced this judicial foreclosure action. The trial court dismissed Blitz's claim on summary judgment and this appeal ensued.

## I.

The trial court found, in interpreting the language of Blitz's note and deed of trust,

that no sale or transfer had occurred so as to accelerate the payments due. Blitz argues that this is error. He contends that the transfer of ownership of the property which resulted from the foreclosure of the subordinate encumbrance, and from the deed in lieu thereof, triggered the requirement that all accrued interest be paid immediately and that monthly payments of principal and interest had to begin. This accelerated pay schedule, he argues, is required by the quoted due-on-sale clause, notwithstanding that the creation of a subordinate encumbrance is expressly permitted therein, and also because of the general provisions of the deed of trust which allow acceleration of the promissory note by nonpayment of any installment due. We disagree with this argument.

■ We initially note that due-on-sale clauses and acceleration clauses have been upheld as reasonable restraints on alienation. *Income Realty & Mortgage, Inc. v. Columbia Savings & Loan Ass'n*, 661 P.2d 257 (Colo.1983). However, the due-on-sale clause in question here expressly permits the granting of subordinate encumbrances. Under these circumstances, the lender should reasonably anticipate that the borrower could default on the subordinate encumbrances and that, accordingly, foreclosure would follow.

As stated in *Matter of Ruepp*, 71 N.C. App. 146, 321 S.E.2d 517 (1984) (construing the identical language involved here):

"We think that where a subordinate lien is expressly permitted, the lender should reasonably anticipate that the borrower could default and the second lien could be foreclosed upon. Where a subordinate lien is expressly allowed, the trial court was correct in concluding as a *matter of law* that the lender impliedly waived the acceleration provisions ... upon the later exercise of the power of sale contained in the subordinate, second deed of trust." (emphasis added)

*See Yelen v. Bankers Trust Co.* 476 So.2d 767 (Fla.App.1985); *see also Barr Development, Inc. v. Utah Mortgage Loan Corp.*, 106 Idaho 46, 675 P.2d 25 (1983). Thus, if a conveyance is made pursuant to fore-closure, or is made involuntarily in lieu thereof, there can be no acceleration where the deed of trust allows the creation of a subordinate lien.

## II.

Blitz insists that a disputed issue of material fact exists so that summary judgment was improper. Although Blitz concedes that a deed exacted in lieu of foreclosure is the legal equivalent of a public trustee's deed obtained subsequent to foreclosure proceedings, he maintains that the record does not demonstrate the transfer by Birk to the Bank was anything other than a business transaction and thus was voluntary and elective.

The affidavit of a loan officer filed in support of the Bank's motion for summary judgment, while characterizing the transfer of Birk's interest as done "in lieu of foreclosure," also recites that the transfer occurred after "extensive negotiations." The affidavit relates the surrounding circumstances of the transfer, but does not indicate that foreclosure had commenced or was imminent.

■ Under this state of the record, we agree that the evidence as to the voluntariness of the transfer is susceptible to contradictory yet reasonable interpretation. Accordingly, summary judgment was not proper. C.R.C.P. 56(c); *see Seal v. Hart*, 755 P.2d 462 (Colo.App.1988).

Because of our resolution here, we do not address the cross-appeal which seeks reversal of the trial court's subsequent vacation of its original order granting appellees' request for attorney fees.

The judgment is reversed, and the cause is remanded for further proceedings.

TURSI and JONES, JJ., concur.