PER CURIAM.
The defendant, Summa Investing Corp. [Summa], appeals from a final judgment of foreclosure entered at the conclusion of a non-jury trial. We affirm.
The Resolution Trust Corporation [RTC] is the successor in interest to Florida Federal Savings and Loan Association [Florida Federal] and has been formally substituted as the appellee herein. The parties agree that Florida Federal held a first mortgage on the property being foreclosed. However, the parties do not agree on anything else.
Summa contends that it was the successful bidder at the sale held when Sun Banks/Miami foreclosed on its second mortgage on the same property. During the same time, Florida Federal commenced its own foreclosure action for nonpayment.
Florida Federal sent a letter to Summa dated March 2, 1989, in which Florida Federal advised Summa that it would accelerate the indebtedness if it did not receive a certified or cashier’s check for $2,505.85 by April 2, 1989. Florida Federal did not receive a check by April 2nd so it accelerated the debt and filed a complaint for foreclosure. Summa tendered a regular check dated April 24, 1989, in the amount of $3,032.46. Florida Federal returned the check to Summa along with a letter dated May 8, 1989, which stated that a certified check for $4,373.47 would cure the default. Again, Summa sent a regular check and it was returned. Summa contends that Florida Federal refused the amounts tendered because Summa would not sign new assumption documents.
The trial court entered a final judgment of foreclosure. Summa appeals.
Despite Summa’s contentions to the contrary, we find that the issue on appeal is whether Florida Federal improperly rejected a valid tender of sums sufficient to reinstate the mortgage.
The “[t]ender of a personal check is not the equivalent of cash or a certified check.” Hudgins v. Florida Fed. Sav. and Loan Ass’n, 399 So.2d 990, 991 (Fla. 5th DCA 1981). Thus, a mortgagee could reject a mortgagor’s tender of payment by personal check if the mortgagee had required payment by cash or certified funds. Id. Addi *1279 tionally, “the tender of less than the amount required is not a good tender.” Morton v. Ansin, 129 So.2d 177 (Fla. 3d DCA 1961).
The record reveals that Florida Federal’s March 2, 1989 letter requested the sum of $2,505.85 in the form of cashier’s check or certified funds. Summa never tendered certified or cashiers checks as required by Florida Federal by the date due. Nor did Summa ever tender the full amount owed at the time that Florida Federal received the check because it did not include the additional interest and collection costs to which Florida Federal is entitled. Thus, Florida Federal properly rejected Summa’s tender of payment.
Summa’s reliance on Yelen v. Bankers Trust Co., 476 So.2d 767 (Fla. 3d DCA 1985) is misplaced. In Yelen, there was no monetary default; the purchaser of the property tendered the past due amounts to the lender before the lender exercised its right to accelerate. Unlike Yelen, in the instant case there was never a valid and sufficient tender made to Florida Federal before it accelerated the debt.
We find that the failure to make a valid tender makes the remainder of Summa’s arguments irrelevant and justified foreclosure of the mortgage on the basis of a monetary default. The trial court properly entered the final judgment of foreclosure.
Affirmed.