916 P.2d 1287

Virgil JAHNKE, Plaintiff–Appellant,

v.

MESA EQUIPMENT, INC., an Idaho corporation, Defendant,

and

Jack Post, an individual and Tim Healy, an individual, who also may be known as Tim Healey, Defendants–Respondents.

No. 21692.

Court of Appeals of Idaho.

May 14, 1996.

Ratliff Law Offices, Chtd., Boise, for appellant.   Terry S. Ratliff argued.

Hall, Friedly & Ward, Mountain Home, for respondents.   Jay R. Friedly argued.

PERRY, Judge.

This appeal arises from the sale of personal property to satisfy a lien for repairs under Idaho Code Section 45–806. Following the sale, the debtor and owner of the personal property brought an action for conversion and for claim and delivery against the purchaser at the sale. The action was tried to the district court, which entered judgment in favor of the purchaser. For the reasons set forth below, we affirm the judgment of the district court.

## I.

## FACTS

In the fall of 1991, Virgil Jahnke hired Mesa Equipment, Inc., located in Elmore County, to make repairs on his Versatile 900 tractor. Jahnke advanced the sum of $2,000 which Mesa was to apply to the cost of repair of various pieces of Jahnke's equipment, including the tractor. Mesa performed some work on the tractor in Elmore County. Mesa purchased parts from Ted's Diesel Sales in Canyon County and also delivered the engine from the tractor to Ted's Diesel Sales for work on the engine block. When all of the work on the tractor was completed, Mesa sent Jahnke a bill in the amount of $3,720.71 for the repairs, including those done by Ted's Diesel Sales, less the amount of the remaining credit balance on Jahnke's account. By registered letter dated December 31, 1991, Mesa informed Jahnke that full payment, in the form of a cashier's check, was due within sixty days, after which time Mesa would sell the tractor at a public sale to satisfy the amount of the debt.

Jahnke attempted to regain possession of the tractor in February 1992 by tendering to Mesa a check, which was not a cashier's check, for the amount of the debt. Mesa rejected the tender. Having not received satisfactory payment on Jahnke's outstanding debt, Mesa published notice in a Canyon County newspaper of a lien foreclosure sale, to be held at Ted's Diesel Sales on March 25, 1992, and mailed notices to Jahnke by regular and certified mail.

A sale was conducted on March 25, 1992, in Canyon County, as advertised. Although Jahnke did not appear, he was represented by counsel who unsuccessfully urged a settlement of the debt for $2,500. The only bid which complied with the terms set forth in the published notice was the bid from Tim Healy, who was not present at the sale but had earlier provided a written bid to Mesa for the full amount of the debt with accrued interest. As a result, Mesa prepared a bill of sale, reflecting the sale price of $4,184.04, and delivered the tractor to Healy.

After the sale of the tractor, Jahnke brought an action for breach of contract and conversion against Mesa regarding a hay squeeze that Jahnke had consigned to Mesa for sale. Jahnke claimed that Mesa had improperly sold the hay squeeze and had never turned over any of the proceeds from the sale to him. In April 1992, Jahnke amended his complaint, seeking a declaratory judgment "that Mesa Equipment's alleged repair bill and/or notice of sale [of the tractor] is void, offset, or invalid, and to enter judgment accordingly." Jahnke claimed that he was entitled to an offset against the repair bill on the tractor in an amount due him out of the proceeds derived from Mesa's prior sale of the hay squeeze. The amended complaint also named new parties, asserting claims of conversion and claim and delivery against Healy, as purchaser of the tractor at the sale, and Jack Post who allegedly farmed in a partnership with Healy. After the filing of the amended complaint, Jahnke apparently abandoned his claims against Mesa and did not pursue Mesa further.

The district court granted Post's motion for summary judgment on January 11, 1994, and dismissed Post from the suit upon a finding that Post had no right, title, claim or interest in the tractor and was not a proper party to the suit. The district court then denied Jahnke's motion for reconsideration of its decision on Post's summary judgment motion. Following a court trial in August 1994, the district court entered findings of fact and conclusions of law. The district court held that Jahnke's actions against Healy for con-

version and claim and claim and delivery must fail and, on October 3, 1994, the district court entered judgment in favor of Healy. Jahnke filed a timely appeal from the judgment.

## II.

### ARGUMENT

■ Jahnke argues that there was a tortious conversion when Healy took possession of the tractor as the purported purchaser at the sale. Jahnke asserts that the sale conducted in Canyon County did not comply with I.C. § 45-806 authorizing foreclosure of Mesa's lien for repairs because Mesa had performed all of its repair services in Elmore County, not in Canyon County where the sale was held. He also disputes the district court's findings that: (1) no agreement was reached, at the time of the sale, between Mesa and Jahnke's representative whereby Mesa would accept $2,500 in full settlement of the repair bill on the tractor; and (2) Healy purchased the tractor at the sale. He also disputes the district court's conclusion that Healy was a bona fide purchaser.

Idaho Code Section 45-806 provides:

> Any person, firm or corporation, who makes, alters or repairs any article of personal property, at the request of the owner or person in legal possession thereof, has a lien, which said lien shall be superior and prior to any security interest in the same for his reasonable charges for work done and materials furnished, and may retain possession of the same until the charges are paid. If not paid within two (2) months after the work is done, the person, firm or corporation may proceed to sell the property at public auction, by giving ten (10) days' public notice of the sale by advertising in some newspaper published in the county in which the work was done. . . .

In this case, it is not disputed that Mesa was hired by Jahnke to repair the tractor or that Mesa contracted with Ted's Diesel Sales for parts and for work on the engine block, which was done in Canyon County. The district court found that Mesa had billed Jahnke and, upon Jahnke's non-payment, had acquired a lien on the tractor. The district court also found that, pursuant to notice published in Canyon County, Mesa foreclosed its lien by conducting a sale of the tractor on the premises of Ted's Diesel Sales in Canyon County.

■ An appellate court is not bound by a lower court's conclusions, but can and will draw its own conclusions by affixing the applicable law to the facts which were resolved by the trial court or were undisputed. *Olsen v. Country Club Sports, Inc.*, 110 Idaho 789, 800, 718 P.2d 1227, 1238 (Ct.App.1985). Jahnke argues that the mechanic's lien afforded by I.C. § 45-806 is dependent upon the lien claimant's continued possession of the property. He asserts that when Mesa sent the truck to Ted's Diesel Sales, it lost possession and the lien therefore was extinguished. We disagree. Ted's Diesel Sales did repairs on the truck as a subcontractor of Mesa, and its possession of the vehicle is therefore properly imputed to Mesa. Where the statute requires only that the notice of sale be advertised in some newspaper published in the county in which the work was done, Mesa, as the lienholder, properly exercised its option to advertise and hold the sale in one of the two counties where the work was performed. We are, therefore, not persuaded by Jahnke's claim that conducting the sale in Canyon County was error. Further, in this case Jahnke had actual notice of the sale, appeared through a representative and attempted to purchase the property. We conclude that Jahnke has failed to show that he would have done anything different in Elmore County than he did in Canyon County. Therefore, Jahnke has failed to show any prejudice to him in where Mesa held the sale.

■ Jahnke challenges the district court's conclusion that Healy was a bona fide purchaser, thereby attacking the validity of the sale to Healy and seeking to undo the sale. Jahnke claims that Healy is not a bona fide purchaser because John Schroeder,

Jahnke's representative at the sale, was the high bidder at the sale and because Healy, if Healy was the purchaser, bought the tractor with knowledge of Jahnke's claims. Because the question whether a person is a good faith purchaser for value is a factual one, *see* 67 AM.JUR.2d *Sales* § 437, at 699 (1985), we examine the evidence supporting the district court's finding in that regard.

■ In reviewing findings of fact, this Court does not weigh the evidence, nor do we substitute our view of the facts for the view of the trial judge. *Angleton v. Angleton,* 84 Idaho 184, 198, 370 P.2d 788, 796 (1962); *Ortiz v. Dep't of Health & Welfare,* 113 Idaho 682, 683, 747 P.2d 91, 92 (Ct.App.1987). Findings will not be set aside if supported by competent substantial evidence. *Burgess v. Salmon River Canal Co.,* 119 Idaho 299, 309, 805 P.2d 1223, 1233 (1991).

Jim Corbus from Mesa testified that Schroeder appeared at the sale and tendered a check for $2,500 to settle Jahnke's debt to Mesa. Corbus testified, however, that he rejected the settlement offer, in part because it was less than the minimum bid specified in the notice of sale, *i.e.,* the amount necessary to cover the repair bill on the tractor and related costs. It is undisputed that Mesa accepted a check from Healy for the amount specified as the minimum bid and delivered the tractor and a bill of sale to Healy.

The district court found:

24. On March 25, 1992, John Schroeder went to Nampa to try and work out a deal with Ted's Diesel and Mesa Equipment to gain payment of the full amount of the minimum bid. Discussions were had and offers were made between John Schroeder on behalf of the plaintiff, Mesa Equipment and Ted's Diesel, but no agreement was reached.

We conclude that Corbus's testimony constituted sufficient, competent evidence to support the district court's finding that no agreement was reached between Schroeder and Mesa.

■ Jahnke also contends that Healy did not act in good faith and therefore is not a bona fide purchaser because he knew that Jahnke owned the tractor. We think it obvious that this is not the type of knowledge that prevents a purchaser at a lien foreclosure sale from becoming a bona fide purchaser in good faith. Whenever a lien foreclosure occurs, there is always an owner of the liened property, who may be unhappy about the sale. If knowledge of that fact prevented the buyer from being a bona fide purchaser, the purchaser at such a sale could never take the property free of the former owner's claims.

The district court made a finding that Healy had no notice of any dispute between Mesa and Jahnke concerning the hay squeeze, but only that Jahnke had not paid his repair bill on the tractor, which was to be satisfied from the proceeds of a sale of the tractor. From this finding, the district court concluded that Healy was a bona fide purchaser. We will address the extent to which Healy is protected as a bona fide purchaser as against Jahnke's claim of setoff related to funds Jahnke alleges are payable to him by Mesa on the sale of the hay squeeze. We need not address, however, whether there were any further problems with the sale for the reasons explained below.

■ Jahnke first asserted his setoff claim in his original complaint filed against Mesa based on the transaction regarding the hay squeeze in the conversion action. Furthermore, the claims that went to trial with only Jahnke and Healy participating were Jahnke's claims of conversion and claim and delivery regarding the tractor in Jahnke's amended complaint. Offsets against a lienholder may be determined in the same proceeding where conversion is asserted against the lienholder. *Comstock Inv. Corp. v. Kaniksu Resort,* 117 Idaho 990, 994, 793 P.2d 222, 226 (Ct.App.1990). Here, as in *Comstock,* no setoff was asserted until after the sale by the lienholder had taken place. *Id.* Nor has there been any adjudication of the setoff to fix the amount to be applied toward the debt to the lienholder. Mesa's right to collect the full amount of the debt by a lien

sale might have been subject to a timely challenge, but Jahnke did not assert his challenge until after the sale and transfer of the property to Healy.

As a general rule, a bona fide purchaser prevails against all adverse claimants, including the true owner. *Ogilvie v. Idaho Bank & Trust Co.,* 99 Idaho 361, 582 P.2d 215 (1978). In other contexts as well, a bona fide purchaser's rights have been held unassailable. *See* I.C. § 55–909 (Unless a purchaser had previous notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor, the title of a purchaser for valuable consideration is not affected or impaired.). *See also Latham Motors, Inc. v. Phillips,* 123 Idaho 689, 695, 851 P.2d 985, 991 (Ct.App. 1992), *citing Dissault v. Evans,* 74 Idaho 295, 261 P.2d 822 (1953), (One who acquires a motor vehicle as a bona fide purchaser for value, but who fails to obtain the vehicle's certificate of title, may be awarded title as against a party holding a certificate of title to a motor vehicle where the party holding the title certificate had also failed to comply with the statute by not having title issued in its name.).

Jahnke's attempts to invalidate the foreclosure sale and defeat Healy's rights as a bona fide purchaser were properly rejected by the district court. The judgment against Jahnke in the action for conversion and claim and delivery is hereby affirmed. Having held that Jahnke was not entitled to recover, it is unnecessary that we address Jahnke's issue disputing the district court's exclusion of certain evidence presented to prove damages. Neither is it necessary to review the district court's order granting summary judgment dismissing Post.

As an additional issue on appeal, Jahnke claims that it was error for the district court to adopt wholesale the findings of fact and conclusions of law proposed by defense counsel. The issue as stated, however, is misleading because our review of the district court's findings and conclusions reveals that some of the proposed findings were in fact rejected by the district court. It has been recognized that, if the court plans to have the assistance of counsel with regard to the findings, the better practice is to request proposed findings of counsel for both sides prior to decision, thereby allowing each party to present findings setting forth the theories and evidence that each party thinks supports those theories. *Compton v. Gilmore,* 98 Idaho 190, 194, 560 P.2d 861, 865 (1977), *citing* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2578 at 702–04 (1971). The court may then select the findings that are correct and reject those that are wrong. *Id.* We do not conclude, therefore, that the district court made impermissible use of counsel's proposed findings.

Finally, Jahnke contends that the district court erred in awarding attorney fees and costs to Healy. Jahnke's argument, however, is only that he should have been the prevailing party below and that, upon reversal of the judgment by the appellate court, the award of attorney fees made to Healy should also be vacated.

The district court granted attorney fees based on I.C. § 12–120(3) which provides for the recovery of fees by the prevailing party in a civil action on a contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction. The district court concluded that "the gravamen of the transaction was an attempt to avoid Healy's contract of purchase of the farm tractor, and was a 'commercial transaction' covered by I.C. § 12–120(3)."

> The test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover.

*Brower v. E.I. DuPont de Nemours and Co.,* 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). Although it is true that Healy agreed to buy

the tractor at a foreclosure sale, the action underlying the request for fees did not derive from a transaction between Jahnke and Healy, but was one asserting conversion and claim and delivery. These claims are in tort and, therefore, not a proper vehicle for the award of fees made by the district court. Notwithstanding, we do not reverse the award of attorney fees because Jahnke's sole argument on appeal attacked not the entitlement to the award itself under I.C. § 12–120(3), but the district court's finding that Healy is the prevailing party. Jahnke's argument fails, and, accordingly, we will not disturb the district court's award of attorney fees and costs below.

### III.

### CONCLUSION

We uphold the district court's finding that Healy purchased Jahnke's tractor at the sale conducted by the lienholder to satisfy the repair bill on the tractor, without notice of Jahnke's claim of setoff. We uphold the district court's finding that Jahnke's representative at the sale failed to reach an agreement with Mesa to settle the repair bill and Jahnke's asserted claim of setoff related to the commission sale of Jahnke's hay squeeze for which Jahnke had received no payment. Relying on these findings, the district court properly concluded that Healy was a bona fide purchaser whose interest in the tractor was not successfully defeated by Jahnke's action in conversion and claim and delivery against Healy. We affirm the judgment in favor of Healy and against Jahnke.

We decline to award attorney fees on appeal under I.C. § 12–120(3) for the reasons outlined above in our discussion of the fees awarded at trial. Because we are not left with the abiding belief that the appeal was brought, pursued or defender frivolously, unreasonably or without foundation, we also decline to award fees under I.C. § 12–121. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Bischoff v. Quong–Watkins Properties*, 113 Idaho 826, 748 P.2d 410 (Ct.App.1987). Costs on appeal are awarded to respondents, Post and Healy.

WALTERS, C.J., and LANSING, J., concur.